MARGARET BARFIELD, APPELLANT, *v.* PASCAL PRICE, *et al.*, RESPONDENT.

MISTAKE.—PLEADING.—DEMURRER.—In an action to obtain a reconveyance of one of two tracts of land, described in the same deed, which, it is alleged was conveyed by mistake, and the complaint failed to show sufficiently that a mistake was committed, or to explain why the plaintiff included in the conveyance the second tract after having described the one intended to be conveyed. *Held*, that a demurrer to the complaint was properly sustained.

MISTAKE.—MUTUAL.—If the plaintiff supposes he is selling a different tract of land from that conveyed, and defendants think they are purchasing the tract actually conveyed, there was a mutual mistake as to the subject matter of the contract, in which case there is in fact no contract of sale.

IDEM.—REMEDY.—In case of a mutual mistake as to the subject matter of a contract, the remedy for the aggrieved party is an entire recision of the contract.

IDEM.—PRACTICE.—To enable a party to maintain an action to rescind or reform a contract, reasonable diligence must be used in pursuing the remedy.

PLEADING.–SUIT BY EXECUTOR.—When a party sues as executor, the complaint
    must contain the proper allegations to show that he is entitled to sue in
    that capacity.

IDEM.—SUIT AGAINST ADMINISTRATOR.–Where a party is sued as administrator,
    the complaint must allege the appointment of an administrator, and
    that the party sued was acting in that capacity, otherwise the judgment
    would not be binding on the estate of the intestate

APPEAL from the District Court of the Thirteenth District,
County of Merced.

This is an action to compel defendants to execute to plaint-
iff a deed to certain real estate described in plaintiff's com-
plaint, alleged to have been conveyed to defendants Pascal,
and D. J. Price, by plaintiff, *through* mistake a portion of
which was thereafter by them conveyed to defendant Sum-
mers, who, it is alleged, well knew at the time of said convey-
ance to him by said Pascal, and D. J. Price, and was fully
informed in all the circumstances of said mistake.

Defendants demurred to plaintiff's complaint on the ground:
That the complaint did not state facts sufficient to con-
stitute a cause of action, and that the complaint was uncer-
tain, ambiguous, and unintelligible in its statements of the
alleged mistake, the ground of action.

The Court sustained the demurrer. Plaintiff declined to
amend, and the Court dismissed the action—whereupon the
plaintiff appealed from the order of the Court sustaining
the demurrer, and the order dismissing the complaint.

*Wigginton* and *Dorsey*, for Appellants.

The demurrer specifies two grounds, both of which de-
fendants claim to be fatal to the complaint.

*First*—That the amended complaint does not state facts
sufficient to constitute a cause of action.

*Second*—That the same is ambiguous, unintelligible, and
uncertain in its statement of the alleged mistake, the ground
of action.

The Court erred in sustaining the demurrer, and the

complaint is not assailable on either of the grounds of the demurrer.

As to the first point : Does the complaint state facts sufficient to constitute a cause of action ?

The allegations of the complaint are that " on the sixth day of May, A. D. 1867, the plaintiff herein agreed to sell, and did sell, and by indenture of deed convey, unto Pascal Price and Daniel J. Price, now deceased, the following described real estate," (setting out the land by metes and bounds.) " *That plaintiff did at the same time and in said same deed, convey by mistake* to the parties aforesaid (Price and Price) the following described real estate, the same being east of and adjoining the real estate hereinbefore described, to wit "; here describing, by metes and bounds, the land conveyed by mistake.

The complaint then goes on to show how the mistake occurred : That it was a mistake made by the surveyor, the attorney of plaintiff, who undertook to survey the land. That the attorney of plaintiff, acting as surveyor, by a mistake included other lands in the description of the land given in the deed than the lands which were actually surveyed, sold, and intended to be conveyed. These allegations are positive and certain, and are sufficiently explicit to show that *there was a mistake made by the surveyor,* and that, as a consequence to that mistake, more land was described in the deed than was sold by plaintiff, or purchased by defendant, and more than was intended to be conveyed by either plaintiff or defendant.

The other allegations of the complaint showing that plaintiff tendered the money to defendant Price, which had been paid to plaintiff for the lands not purchased, bargained, or intended to be conveyed, and that neither of defendants had ever been in possession of said property are also explicitly stated, and we do not see how we could make them any plainer or more certain, or render them less *ambiguous, unintelligible, or uncertain,* than they are as they now stand in the complaint.

The complaint certainly clearly shows that plaintiff agreed to sell a certain tract of land to the defendant, Price and D. J. Price, since deceased, and sent a person to survey it, establish the boundaries, and ascertain the number of acres. It as clearly shows that the boundaries as established were correct, and in conformity with the bargain between the parties. That the boundary line between the land intended to be conveyed and that conveyed by mistake, was established and marked—and that in making the description of the land surveyed and intended to be sold, the surveyor, by mistake, included other land which defendants had never purchased or bargained for, and plaintiff had never sold or intended to sell. That as soon as said mistake was discovered plaintiff tendered to Price and Price the money which they had paid plaintiff for the land not intended to be conveyed, and that plaintiff demanded a deed from said Price and Price for the premises which had been deeded them by mistake, and offered to pay all expenses, etc. These facts are all clearly stated in the complaint, and the only question to be determined must be : Are they sufficient in law to enable the Court to grant the relief prayed for?

. We think there can be no doubt upon this point.

Courts of equity will grant relief against mistakes of fact by either party. (3 Parsons on Contract, fol. 397; 1 Story Eq. Jurisprudence, secs. 155, 156; *Johnson* v. *Tabor*, 10 N. Y., 6 Seld. 319; *Gillespie* v. *Moon*, 2 Johns. Chan. 385; *Lestrage* v. *Burth*, 19 Cal. 672; Sugden on Vendors, Chap. 3, Sec. 11; *Townshend* v. *Stangroom*, Ves. Jr. 328; *Henkle* v. *Royal Assurance Company*, 1 Ves. Sr. 319; *Hunt* v. *Rousmaniere's Administrators*, 1 Peters, 12; *Tilton* v. *Tilton*, 9 N. H. 392 ; *Peterson* v. *Grove*, 20 Maine, 363; *Clapton* v. *Martin*, 11 Ala. 187; *Beardsley* v. *Knight*, 10 Ver. 448; *Bailey* v. *Bailey*, 8 Hemph. 230.)

*Alex. Deering*, for Respondent.

The complaint alleges that in May, 1867, the appellant sold and conveyed certain land, amounting to one hundred and twenty-six and one half acres, to the Prices, respond-

ents, at \$5.00 per acre, and " by mistake" included in the conveyance a large quantity more. She does not allege the kind or character of the mistake—that it was actually a mistake on her part, nor that the Prices did not in good faith purchase all that was conveyed to them. She does not say that she did not actually sell all the land she conveyed. She says nothing about the contract of sale. She does not state whether this "mistake" was one of law or fact. But she does attempt to explain how it occurred. It is stated that she, appellant, is "informed and believes that the mistake occurred as follows." Then comes a recital of what she is "informed and believes," and which in substance is: " that P. D. Wigginton, her attorney," went upon the land to survey it, failed to trace the lines correctly, found himself completely lost, and "night coming on," he quit, having apparently accomplished nothing.

This attempted explanation of the mistake can avail nothing, as it is not alleged, as counsel in their brief claim, that P. D. Wigginton was a surveyor; nor that he made this attempt at a survey of the land for the plaintiff, or with her knowledge; that she even heard of it before executing the deed; nor that Wigginton drew the deed or knew anything about it.

In equity cases of this class, facts must be distinctly and positively averred, (Story's Eq. Pleadings, Sec. 247), and language of the pleader, if doubtful, must be most strongly construed against him. (*Moor* v. *Besse,* 30 Cal. 572.) Appellant does not positively aver a mistake, nor in her explanation allege any fact.

The statement of counsel for appellant that, as soon as she *discovered her mistake,* appellant *demanded a reconveyance from the respondents,* certainly is not alleged in the complaint, which neither states nor refers to any discovery of a "mistake" by any one; and there is no allegation that the plaintiff was possessed of any further information upon the subject when she instituted this suit, than when she executed the deed to respondents.

But as evidence to overcome the "mistake," the Court will observe that plaintiff was actually paid for (as she herself avers) *two hundred and eighty-five acres*—one hundred and fifty-eight and one half acres more than she (says she) intended to convey, and thirty-two acres more than double that amount.

Then she has received pay for what was the probably estimated number of acres in the lot conveyed; and now, after nearly three years have passed, asks to pay back the purchase money, and have a reconveyance on account of "mistake."

The attention of the Court is respectfully called to the fact, that the appellant fails to allege any mistake on the part of the Prices, respondents. That she does not in her complaint (nor do counsel) contend that the Prices did not, in good faith, consider that they were purchasing what they received a deed from appellant for, and what they actually paid for.

If, therefore, the allegations of the complaint are considered sufficiently explicit and positive, no more can be claimed on the part of the appellant, than that she did not intend to convey the whole quantity, but that the Prices, in good faith, thought that they were buying what they paid for, and what was conveyed to them.

If, however, it be conceded that this is a case where there is a mistake of fact, by one party to a written instrument, with neither mistake nor wrong on the part of the other party, can a Court of equity interfere in such a case? (1 Story's Eq. Jurisprudence, Sec. 3, 155–6; *Lestrode* v. *Barth*, 19 Cal. 672.

These are the leading cases cited by counsel to sustain their declaration that equity will interfere in case of a mistake of fact by one party. Of the other cases cited, that of (*Gillespie* v. *Moore*, 2 John's Ch. 385; Sugden on Vendors, chap. 3, Sec. 11; *Townsend* v. *Stangroom*, 6 Ves. Jr. 328; *Hentill* v. *Royal Assurance Co.*, 1 Ves. Sr. 319; *Hunt* v. *Bousmanier's Administrators*, 1 Peters, 12; *Felton* v. *Felton*, 9 N. H. 392; *Peterson* v. *Grove*, 20 Main, 364; *Klopton* v. *Martin*, 11

Ala. 187; *Beardsley* v. *Knight*, 20 Vt. 190; *Goodell* v. *Field*, 15 Vt. 448; *Bailey* v. *Bailey*, 8 Humph. 230, are cited in this Court's decision of the case of *Lestrade* v. *Barth*, 19 Cal. 672;) to support the doctrine that *mutual mistake* is a ground for equitable relief; also case cited by appellant in 3 Parsons on Contracts, and foot notes.

The question is not, however, an open one, but has been fully settled; and there are no cases that we have been able to find, that conflict with the doctrine set forth in 1 Storey's Eq. Jurisprudence, (Sec. 147, 8th edition,) where it is said, "There must always be shown *either the mistake of both parties, or the mistake of one, with the fraudulent concealment of the other*, to justify a Court of equity in reforming a contract." Numerous decisions are cited in support of this, and it has been so decided in 11 Paige, 658; 17 Johnson 347; *Kent* v. *Manchester*, 29 Barber 595.

In view of this, as we contend, well settled rule of law, the appellant, having conveyed and been paid for the whole, making no positive allegation of any mistake, but having waited nearly three years, and until the decease of one of the purchasers, and in view of the fact that if she was mistaken about the amount conveyed—the Prices were not mistaken as to the amount they were purchasing, and acted in good faith—it is respectively submitted that the case presents no ground for the intervention of a Court of equity.

TEMPLE, J., delivered the opinion of the Court, RHODES, C. J., CROCKETT, J., and WALLACE, J., concurring :

The demurrer to the complaint was properly sustained, on the ground that it does not state facts sufficient to con stitute a cause of action.

In the first place, it does not sufficiently show that a mistake was committed by the plaintiff. It avers that she sold a tract of land, which is described by metes and bounds, and the quantity given ; and we must presume, from the reading of the complaint, that it was conveyed by the same description. There was, then, no mistake committed in the description of the tract which she agreed to sell and in-

tended to convey. She then avers that she, by mistake, conveyed, also, another tract of land, which of itself contained more than twice as much land as she intended to sell. There is nothing in the complaint to explain why she described the second tract in the deed, when she had already correctly described the tract she did intend to convey. The complaint recites the history of an attempted survey, made some weeks before the sale. There do not appear to have been any negotiations in regard to the sale prior to the time the deed was executed ; and the survey seems to have had no connection with the sale or conveyance. Interpreting the complaint most strongly against the pleader, it shows that she had the correct description before her at the time she executed the deed ; and the mistake consisted in describing two tracts instead of one.

In the next place the complaint is deficient in not showing that the defendants did not understand the agreement to sell in accordance with the deed. There may have been no mistake on their part, except in failing to understand that the plaintiff supposed she was selling. If plaintiff supposed she was selling a different tract of land, but the defendants thought they were purchasing the tract actually conveyed, there was a mutual mistake as to the subject matter of the contract. In that case the minds of the parties never met, and there was really no contract of sale at all. The deed was made under a mutual mistake of both parties, each believing there was an agreement when there was none. Under such circumstances the Courts might order a recision of the sale altogether, but could not compel the defendants to retain and pay for a tract of land they have never contracted for. The plaintiff should, if such were the facts, have tendered the whole amount of the purchase money, and asked for an entire recision of the contract.

And again, although the plaintiff may have been entitled to rescind the contract, or to have it reformed, she must seek her remedy with reasonable diligence. She cannot wait for an indefinite period, and without giving an excuse

for her delay obtain the relief she might have been entitled to upon a more prompt assertion of her right. In this case the action was brought more than three years after the conveyance was made, and in the meantime the defendants had paid installments of the purchase money, amounting to about double what was due for the tract she says she intended to convey, and no excuse is given for the delay.

The plaintiff is described as executrix. As it is not alleged that the property in question belonged to the estate of a deceased person, this is probably a mistake; but if she intended to sue as executrix, the complaint has no allegations whatever showing that she is entitled to sue in that capacity.

One of the parties to whom the deed was executed which it is sought to reform, is averred to be dead, and the defendant, Price, is described as administrator, but there are no allegations showing that an administrator has been appointed, or even that any one is acting as such. Judgment obtained in this action would not be binding upon the estate of Pascal Price, for neither his administrators or heirs are parties.

Judgment and order affirmed.