TRINITY UNIVERSITY v. B. P. McFARLAND.

(No. 1230, Op. Book No. 3, p. ——.)

APPEAL from Limestone County.    Opinion by WALKER, R. S., P. J.

§ 1309. *Contract; rescission of; party seeking, must act promptly; acquiescence will bar right to rescind.* "A court of equity will not rescind a contract unless fraud appear, or there has been a plain and palpable mistake affecting the very substance of the subject matter of the contract. [5 Wait's Act. & Def. 510.] Nor will equity interfere to rescind a contract where an adequate remedy at law exists. [121 Mass. 227; 22 Ark. 198.] A contract may be rescinded by the acts of the parties to it, without there being an express and formal agreement to that effect; "it may take place as the act of one party in consequence of a failure to perform by the other party; and it may take place on account of fraud, even though the contract be partially executed." [2 Bouvier's Law Dic. 468.] If the contract is a fair and valid one, it will be enforced by either a specific performance of it, if, according to its nature and the facts of the case, that remedy

may be applied; or, in case of failure to comply with it, the party injured by the breach may recover damages for such breach. A rescission of it will not be decreed, however, because of such breach, but it will be enforced through the appropriate remedies according to the nature of the case. Where a party is entitled to rescind a contract, he must act promptly and not sleep on his rights, or take time to speculate on the course of events. If he goes on with a full knowledge of his rights, recognizing the contract as still in force, and by his acts and conduct tacitly gives his assent to its execution in a manner different from the original understanding of the parties, he is not entitled in equity to have either the contract rescinded or any relief inconsistent with what may fairly and reasonably be presumed from his own acts to have been assented to by him. [De Armand v. Phillips, Walk. (Mich.) Ch. 86; Kerr on Frauds, 298-9, 304; 5 Wait's Act. & Def. 508; 51 Miss. 412; 40 Cal. 535; 75 Ill. 17; 2 Woods, 244; 7 W. Va. 273; 51 How. (N. Y.) 69.] This was an action brought by appellee to rescind a contract made with appellant. The contract was the purchase by appellee from appellant of a scholarship in the university, for which appellee paid $500. The grounds relied upon for rescission were: 1. That the $500 paid by appellee had been diverted to a different purpose than the one for which it was to be applied under the contract; and 2. That appellant had refused to receive a student offered by appellee under the contract. *Held*, that these grounds were insufficient to authorize a court to decree a rescission of the contract, and that the judgment of the court below to that effect was erroneous.

December 14, 1881.          Reversed and remanded.