# Tyson *v.* Weber.

*Bill in Equity for Foreclosure of Mortgage, and Injunction against Defense of Action at Law.*

1. *Mortgagee's remedies, legal and equitable.*—A mortgagee after default has three remedies, any one or two, or all of which he may pursue concurrently—an action at law to recover the debt, an appropriate action to recover the mortgaged property, and a foreclosure of the mortgage; but, when he pursues these remedies concurrently, each must be

[Tyson v. Weber.]

governed by the rules of law applicable to the forum in which it is brought.

2. *Injunction against mortgagor setting up legal defense against action at law.*—When a mortgage on the stock of goods in a drug-store contains an express stipulation that the mortgagor shall, by replenishing the stock, keep up the value to a specified amount, all the stock on hand at any time being covered by the mortgage; and the mortgagee, after default, brings an action at law to recover the property, he can not maintain a bill in equity to enjoin the mortgagor from setting up, in defense of that action *pro tanto*, the fact that the mortgagor did not have a legal title to the goods bought and mixed with the old stock; nor is the equity of the bill aided by an averment that the only evidence, by which the new and the old stock can be distinguished and separated, is in the possession of the mortgagor, and that he is insolvent.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. THOS. W. COLEMAN.

TROY, TOMPKINS & LONDON, for appellant.—The court has unquestioned jurisdiction to foreclose the mortgage, and the questions presented are incidental to the main equity. A court of law is incapable of doing justice between the parties. " A court of equity ought not to interfere with proceedings at law, *unless it has better means of doing justice between the parties* than are possessed by a court of law." Lord Selbourne, in *Ochsenbein v. Papelier*, T. R. 8 Ch. App., p. 397 ; see, also, *Ware v. Russell*, 70 Ala. 174. The mortgagee may proceed both at law and in equity to enforce his mortgage.—*Dunlap v. Newman*, 52 Ala. 178. When a judgment in a court of law can not do complete justice between the parties and the subject matter is brought into a court of equity, it will do complete justice between the parties without remitting them to the court of law.—*Ware v. Russell*, *supra ;* 1 Brick. Dig., 639, § 5. Upon the dismissal of the detinue suit, the damages must be assessed and judgment rendered against the plaintiff for the value of the property (Acts 1886-7, p. 131), and the plaintiff would then have to apply for injunction to prevent the enforcement of the judgment. A mortgage of after acquired property passes only an equitable title.—*Seay v. McCormick*, 68 Ala. 549 ; *Burns v. Campbell*, 71 Ala. 271 ; Jones on Chat. Mort. § 170, 172, 175. A plaintiff may file a bill to restrain a defendant from setting up an inequitable plea.—*Stewart v. R. R. Co.*, 2 De. G. J. & Sm., 319 ; *McCormick v. Irwin*, 35 Pa. St. 111 ; *Fleming v. Beaver*, 2 Rawle, 128.

GEO. F. MOORE and CHAS. P. JONES, *contra.*—The appellant concedes that he has only an equitable title to the after acquired goods, and therefore, he has taken possession of the property wrongfully.—3 Sand. N. Y. Rep., 1644 ; Jones

[Tyson v. Weber.]

on Chattel Mort. § 437. This, then, is a case of a wrong-doer seeking the aid of a court of chancery to enable him to take advantage of his own wrong and to protect him in the possession of property wrongfully acquired. He holds to the detinue suit and the property, and does not come into court with clean hands. In the case of *Jones v. Ramsey*, 3 Bradwell (Ill.), 309, it is said, "We know of no case in which a court of chancery has ever assumed, on bill filed by the plaintiff in an action at law, to enjoin the defendant in the action from making defense to such action, and yet allowed the plaintiff to proceed with the action." The mingling of the goods was expressly provided for in the mortgage.—Jones on Chat. Mort. § 483. The appellant acquired by his mortgage no title or lien whatever, legal or equitable, to the after acquired property. "A mortgage of subsequently acquired property, especially by general terms of description, which is not the product, increase or accretion of something already owned by the mortgagor, amounts to nothing more than a mere agreement to give a further mortgage. It confers no specific lien on after acquired property."—*Burns v. Campbell*, 71 Ala. 271; Herman on Chat. Mort. § 46; *Anderson v. Howard*, 49 Ga., 313; *Otis v. Sill*, 8 Barbour, 102; *Simmons v. Jenkins*, 76 Ill., 479, (5th and 6th head notes); *Hamilton v. Rogers*, 8 Md. 301. The instrument on its face was not a mortgage, because it provided that the mortgagor was to remain in possession and *sell* the property. This *ex vi termini* indicated that the title was to remain in the mortgagor.

CLOPTON, J.—The bill, which is filed by appellant, so far as necessary to be stated for the purposes of this appeal, substantially alleges, that the defendant, by false representations as to the amount of his indebtedness, the value of his stock, and profitable nature of his business, induced complainant to become liable as endorser and acceptor for his accommodation, which endorsements and acceptances complainant paid. On October 5, 1885, the defendant, to secure this and other indebtedness, for which he gave his notes, and also an indebtedness to J. R. Jordan, executed to them a mortgage, conveying the entire stock of drugs, and every other kind of property in the store in the city of Montgomery then occupied by defendant, and all the stock of drugs and goods that may be on hand at the maturity of any and all the notes described in the mortgage, with power of sale in case of default. The mortgage contains a stipulation that the mortgagor would carry at least seven thousand dollars worth of stock at cost price, exclusive of

[Tyson v. Weber.]

the soda fount, which it is averred he failed to do. Jordan transferred all his interest in the notes, mortgage, and property to complainant. After the law-day of the mortgage, negotiations for a settlement having been unvailing. the complainant brought an action of detinue to recover possession of the mortgaged property, and caused it to be seized by the sheriff. The complainant replevied the property, under the statute, the defendant having failed to do so within the time allowed. The bill further alleges, that complainant has only an equitable title to the after acquired property, and that it is impossible to distinguish these goods from those in the store at the time the mortgage was made ; that defendant has in his possession the only evidence by which they can be distinguished; and that he refused to surrender the property on demand, and now undertakes to defeat the action of detinue on the ground that the mortgage does not convey the legal title. An injunction was granted restraining the defendant from setting up the defense in the detinue suit, which was dissolved by the chancellor, and from this decree the appeal is taken.

It is unnecessary to consider the general equity of the bill. The chancellor overruled the motion to dismiss for want of equity, thereby determining that the bill contained equity. Of this the appellant can not complain, and the defendant does not appeal. All the questions argued by counsel may be eliminated, except the single question, whether, on the averments of the bill, the defendant should be enjoined from setting up in the detinue suit, that complainant, not having had actual possession, shall establish a legal right to the property ?

A mortgagee has three remedies, either of which he is at liberty to pursue; or may pursue any two or all concurrently; he may bring an action at law to recover the debt ; an appropriate action to recover possession of the property ; and may foreclose the mortgage, and sell the property. But if he pursues one or more, each suit must be tried and determined on the principles applicable and prevailing in the forum in which the particular remedy is sought. The complainant is pursuing two of these remedies—an action at law to recover the property, and a bill in equity to foreclose the mortgage. Finding himself in a real or supposed difficulty of making sufficient proof to sustain his detinue suit, which was first brought, he seeks relief, on a bill to foreclose the mortgage, by invoking the aid of the court of equity to prohibit the defendant from defeating the action at law on legal principles and by a legal defense. The argument is, that if the detinue suit is defeated or dismissed, the defendant,

who is insolvent, will be entitled under the statute to a judgment against the complainant for the property or its alternate value ; and that having commingled the goods, so that they can not be distinguished ; having refused to surrender them on demand ; and having under his control the only evidence that would enable complainant to segregate those to which the legal title passed by the mortgage, it would be inequitable to allow him to take advantage of the wrong to defeat the action at law. The wrong does not consist in the confusion ; for by the terms of the mortgage it was intended that the mortgagor should replenish the stock from time to time by the purchase of new goods, so as to keep it at the value of seven thousand dollars, which subsequently purchased goods, it must have been contemplated, would naturally be mixed with the goods in the store. The confusion was by the implied consent of the complainant. The wrong, as alleged, consists in the failure of defendant to furnish plaintiff the evidence by which to establish a legal title to a part of the goods ; and the bill seeks, as a penalty, that the defendant be restrained from asserting that the plaintiff has not the legal title to any of the property, so that he may recover all in the detinue suit.

The only embarrassment in the remedy of the complainant at law is a difficulty of proof, which is not of itself sufficient to give equity jurisdiction. On a bill for discovery and relief, which seeks to withdraw from the jurisdiction of courts of law matters purely of legal cognizance, the jurisdiction of equity rests on the inadequacy of the legal remedy, and the bill must aver that discovery is indispensable to complete justice, and the inability of a court of law to compel it.—*Com. Life Ins. Co. v. Webb*, 54 Ala. 688. There are also cases in which equity will restrain a defendant from setting up a certain defense in an action at law, on the ground that it would be inequitable—for instance, where the defendant has obtained by fraud a receipt or discharge, of which he is seeking to avail himself in the suit at law. In such case, equity will deprive him of its fraudulent use.—*Stewart v. Gr. West. Ry. Co.*, 2 DeG. J. & S. 319. But if the receipt, though purporting to be in full accord and satisfaction, was not intended to be so, and was not fraudulently procured, and no fraudulent use is attempted, equity will not interfere, but will leave the facts to be determined by a jury.—*Lee v. Lan. & York. Ry. Co.*, L. R. 6 Ch. App. 527. The bill is not framed for a discovery material to support the suit at law ; neither does it seek to withdraw from the jurisdiction of the court of law the legal proceedings, because of the inadequacy of the legal remedy.

It is not averred that the confusion of the goods was fraud-
ulent or without the consent of the complainant; nor that
the evidence in the possession of the defendant by which
they can be distinguished was fraudulently obtained. The
complainant, with knowledge of the confusion, of his want
of legal title to a part of the goods, and of the difficulty of
proof, elected to sue at law to recover possession of the en-
tire property. Neither does the complainant seek to sus-
pend the proceedings at law until the defendant discovers
the evidence by which the goods may be distinguished, and
thus enable him to recover that part of the property to
which he has the legal title. The purpose is, that the ac-
tion shall proceed, but notwithstanding its continuance, to
avoid a judgment against complainant for the portion of the
property to which his title is only equitable, or for its alter-
nate value, by restraining the defendant from asserting that
complainant has not the legal title to *all* the property.
Were the evidence by which to distinguish the goods in the
possession of complainant, he must necessarily fail in his
suit at law as to the goods to which his title is only equit-
able, and the defendant would obtain judgment against him
for so much of the property. To perpetuate such injunction
would be an invasion of the jurisdiction of the courts of
law, virtually requiring a court of law to allow the com-
plainant to maintain the action of detinue, notwithstanding
he never had actual possession, nor the legal title, —to dis-
pense with the proof necessary to a recovery, the burden to
make which is cast by the law on complainant in the first
instance, and enable him to recover what, if all the evidence
was at his control, he could not recover,—to subvert and
displace fundamental rules of law in a legal forum, and in a
case of purely legal cognizance. We quote as applicable
the remarks of Baker, J., in *Jones v. Ramsey*, 3 Brad. 303,
where he says : " We know of no case in which a court of
chancery has ever assumed, on bill filed by the plaintiff in
an action at law, to enjoin the defendant in the action from
making defense to such action, and yet allowed the plaintiff
to proceed with the action. It would seem that the plaintiff
at law, having made choice of the forum in which to pro-
ceed against the defendant, should, if he discovers that he
has commenced in the wrong forum, abandon his action,
and file his bill.

Neither are we able to see how irreparable injury will
necessarily ensue to complainant. Should the defendant
obtain judgment against him in the detinue suit for the
property or its alternative value, and he is insolvent, as the

bill avers, the complainant will not be beyond the remedial protection of a court of equity.

Affirmed.

*Bill in Equity for Foreclosure of Mortgage.*