[No. 11868.   Department Two. — October 31, 1887.]

VICTOR JAHANT, RESPONDENT, *v.* THE CENTRAL
PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — RAILROAD — PLEADINGS — EVIDENCE OF NEGLIGENCE OTHER
THAN THAT ALLEGED. — In an action against a railroad company to
recover damages for the killing of a pair of horses, alleged to have been
caused by the negligence of the defendant in running its locomotive and
cars, evidence that a fence alongside of the defendant's track was out of
repair, and that the horses came through an open gate in the fence onto
the track, is inadmissible, in the absence of any allegation in the com-
plaint showing that the gate was left open, or allowed to remain open,
through the negligence of the defendant, which operated as a proximate
cause of the injury.

APPEAL from a judgment of the Superior Court of San
Joaquin County, and from an order refusing a new trial.

The facts are stated in the opinion.

*W. L. Dudley*, for Appellant.

*Campbell & Hosmer*, and *J. C. Campbell*, for Respondent.

FOOTE, C. — This is an action for the recovery of dam-
ages against the defendant, a railroad company, for the
killing of two horses by its locomotive and cars.   The
cause was tried by a jury, who returned a verdict in
favor of the plaintiff, upon which a judgment was duly
rendered.   From that, and an order denying a new trial,
the defendant has appealed.

The cause of action, as stated in the complaint, is as
follows: —

" That on or about the twenty-sixth day of September,
1884, the plaintiff was the owner and possessed of certain
live-stock, to wit, two horses, of the value of $350, and
which horses casually, and without the fault of said
plaintiff, strayed in and upon the track and ground oc-
cupied by the railroad of the said defendant in Liberty
township, county of San Joaquin, state of California.

" That the said defendant, by its agents and servants, not regarding its duty in that respect, so carelessly and negligently ran and managed its said locomotives and cars that the same ran against and over the said horses of the said plaintiff, and killed and destroyed the same, to the plaintiff's damage $350."

These allegations were denied by the answer.

The court, against the objection of the defendant, allowed evidence to be introduced that a certain fence alongside its track was not kept in repair, and that the horses of the plaintiff came through a gate in that fence, which had been left open, out upon the track, and were there killed by the locomotive and cars.

It was found by the jury, upon special issues, that the horses did come through that gate, and upon the track, and were there so killed; that the horses, when first seen by the engineer, were on the track; that at that time the train was running at the rate of twenty-five miles an hour; that when the train struck or hit and killed the horses, it was running twenty miles an hour; that the engineer, as soon as he saw the horses, used all possible means at his command to stop the train.

As it seems to us, under the pleadings, evidence of the carelessness of the defendant should have been confined to such as referred to *its careless* and *negligent running and management of its locomotive and cars*, by means of which only was it alleged in the complaint that the horses of the plaintiff were run against and over, killed and destroyed.

While under this allegation it might have been competent, according to the rule laid down in *McCoy* v. *California Pacific R. R. Co.*, 40 Cal. 535, 6 Am. Rep. 623, to have shown by evidence that no proper fence existed alongside the defendant's track, it was not permissible to show, as was done, that the horses came through an open gate out upon the track and were killed, without any averment whatever in the complaint that the gate

was left open, or allowed to remain open, through care-
lessness or negligence on the part of the defendant, which
operated as a proximate cause of the animals being
killed.

It becomes unnecessary to determine any other point
made by the appellant, but for the reasons heretofore
stated, the judgment and order should be reversed, and
the cause remanded for a new trial.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing
opinion, the judgment and order are reversed, and cause
remanded for a new trial.