HORATIO N. PAGE *vs.* JAMES HIGGINS.

Suffolk.    March 15, 1889. — September 5, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Deed — Mutual Mistake — Equitable Defence.*

At the trial of an action by a grantee against a grantor for a breach of warranty
of title to a part of land described in a deed, it appeared that the parties orally
agreed to buy and sell "only what the defendant owned"; that the defendant
had no title to the part in question; that the deed was drawn by the plaintiff,
and the defendant, though illiterate, did not have it read to him, but signed it
supposing that it covered only the land he owned; and that the mistake, if any,
of the plaintiff in so drawing the deed was in understanding that the defendant
owned and agreed to sell and convey such part. The judge submitted to the
jury these issues: Was the description in the deed, in purporting to convey more
than the grantor owned, "inserted in the deed by accident or by mutual mis-
take"? and, Did the parties orally agree before the deed was executed that the
grantee was to buy and the grantor to sell only what he owned, and "did they
attempt to embody said agreement in said deed"? The plaintiff requested an
instruction to the jury, that, if the plaintiff "supposed at the time of taking the
deed that it did convey" the part in question, they must answer the issues in
the negative, but the judge refused so to instruct, and the plaintiff excepted.
The jury answered the issues in the affirmative, and returned a verdict for the
defendant. *Held,* that the exceptions must be sustained, and the verdict and
findings set aside.

FIELD, J.  This is an action of contract for the breach of
the covenants contained in a warranty deed of land delivered by
the defendant to Anna F. Page, who has deceased, and who by
will devised the land to the plaintiff. The defendant had no
title to a part of the land, called the Cheever lot, which the
plaintiff contended was included in the description in the deed,
and this constitutes the breach declared on. The bargain for
the land was made with the defendant by the plaintiff, acting
as agent for Anna F. Page, and the plaintiff drew the deed, and
it is assumed that the acts and intention of the plaintiff are to
be imputed to his principal, the grantee in the deed. The de-
fendant, as recited in the bill of exceptions, " introduced evi-
dence tending to show that he was illiterate; that the deed was
not read to the defendant, and he did not and could not read it;

that he signed the deed supposing that it covered only the property he owned east of the stone wall spoken of in said deed."

There was evidence that the parties orally agreed to buy and sell for thirteen hundred dollars "only what the defendant owned east of the stone wall, and that he relied on the plaintiff to draw the deed according to such agreement." The defendant delivered to the plaintiff his title deeds for this purpose. These were deeds of land east of the stone wall, but they did not include the Cheever lot. The exceptions further recite : " It is not claimed by the defendant that Dr. Page [the plaintiff] did anything that was unfair. It is suggested that the explanation of the mistake perhaps is, that at the time the defendant supposed that Dr. Page had already acquired the Cheever land, and that Dr. Page supposed that the defendant had acquired it, and both parties were assuming that their land came together, — the defendant assuming it came together because Dr. Page owned the Cheever place, and Dr. Page assuming that it came together because the defendant owned the Cheever place, — but without any intent whatever to enlarge or depart from the oral agreement that they had made to convey whatever it might be that the defendant owned east of the wall, this deed was framed in the way that it was by Dr. Page, honestly intending to describe just what the oral agreement had been."

The defendant has attempted to set up an equitable defence under the St. of 1883, c. 223, § 14. This defence is that the defendant signed the deed without reading it, or having it read, supposing that it had been drawn by the plaintiff according to the oral agreement to sell all the land which the defendant owned east of the stone wall, and no more, and that, if the description in the deed includes any land other than that owned by him east of the stone wall, "such description was made by accident and mistake." The court submitted the two following issues to the jury : " First. Was the description in the plaintiff's testatrix's deed, so far as it purports to convey any more than the land owned by the defendant east of the stone wall, inserted in the deed by accident or by mutual mistake? Secondly. Did the plaintiff's testatrix and the defendant make an oral agreement prior to the execution of the deed whereby the plaintiff's testatrix was to buy and the defendant to sell only what

he owned east of the stone wall, and did they attempt to embody said agreement in said deed?" The jury answered these issues in the affirmative, and returned a verdict for the defendant.

The plaintiff requested the court to instruct the jury, that, "if Dr. Page supposed at the time of taking the deed that it did convey to his testatrix the Cheever lot, the jury must answer the issues as framed in the negative"; and he excepted to the refusal of the court to give this instruction. The evidence tended to show that Dr. Page intentionally drew the deed in the precise form in which it was executed, and that no words were omitted from it which he intended should be inserted, or were inserted which he intended should be omitted. The court ruled that the description in the deed included the Cheever lot. If Dr. Page at the time of taking the deed supposed that it conveyed the Cheever lot, then he made no mistake in regard to the legal effect of the deed. Apparently, then, there was no accident and no mistake on the part of the plaintiff in regard to the language or the legal effect of the deed, if he supposed that it conveyed the Cheever lot.

A good deal of the evidence recited in the exceptions, so far as it is favorable to the defendant, tended to show, either, first, that the bargain, as both parties understood it, was to convey not any definite lots of land with the usual covenants of title, but only to convey all the land which the defendant owned east of the stone wall, whatever that might be, and that this indefinite description should be inserted in the deed, and that Dr. Page, in violation of this agreement, described the land in the deed by metes and bounds, so as to include the Cheever lot, and by his conduct induced the defendant to sign the deed as one drawn according to the agreement; or, secondly, that although the parties in their negotiations described the subject matter of the bargain as all the land owned by the defendant east of the stone wall, yet each had in mind definite lots of land, and intended that they should be defined in the deed by metes and bounds, with the usual covenants of title, and that there was an honest misunderstanding in regard to the lots which were bought and sold and were to be conveyed, and that Dr. Page drew the deed according to his understanding of the bargain,

and accepted it, and paid the consideration, believing that it conformed to the agreement.

So far as the evidence tended to show the first of these propositions, it tended to show fraud, actual or constructive, on the part of Dr. Page ; and so far as it tended to show the second, it tended to show that the minds of the parties never met, and that no oral contract of sale had been made, because the parties did not have the same understanding as to the subject matter of the contract ; but neither inference establishes a case of accident or of mutual mistake as to the words or the meaning of the deed. The usual remedy, when, by accident or mutual mistake, a written contract does not express the actual contract of the parties, is by a reformation or rectification of the writing, and this is a remedy for any party to the written contract, unless the statute of frauds prevents. The remedy when the written contract does not express the understanding of the parties on account of a mistake concerning the subject matter of it, is by a rescission or cancellation of the written contract, and this is a remedy for any party, although an option is sometimes given to the defendant in equity to have a reformation according to the claim of the plaintiff if he prefers it. The remedy when the execution of a written instrument has been procured by fraud is by a rescission of it, or, in some cases, by striking out the parts fraudulently inserted, but the remedy is only for the party defrauded.

The law concerning the reformation of contracts on the ground of mutual mistake is well stated in *Sawyer* v. *Hovey*, 3 Allen, 331. It is there said : " And it is a further and very material rule, that the court will not afford its aid or allow a written instrument to be affected by parol or other extrinsic evidence, unless the mistake is made out according to the understanding of both parties, by proof that is entirely exact and satisfactory. *Andrews* v. *Essex Ins. Co.* 3 Mason, 10. And this for the paramount reason, that otherwise if a deed should be reformed and corrected upon proof of the mistake of one of the parties, the great injustice might be done of imposing upon the other the consequences of a contract to which he had never assented, and therefore wholly against his will." The phrase " mutual mistake," as used in equity, means a mistake common

to all the parties to a written contract or instrument, and it usually relates to a mistake concerning the contents or the legal effect of the contract or instrument. *German American Ins. Co.* v. *Davis*, 131 Mass. 316. *Paget* v. *Marshall*, 28 Ch. D. 255. *Kilmer* v. *Smith*, 77 N. Y. 226. *Bryce* v. *Lorillard Ins. Co.* 55 N. Y. 240. *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290. *Moxey* v. *Bigwood*, 4 DeG., F. & J. 351. *Fowler* v. *Fowler*, 4 DeG. & J. 250. *Fallon* v. *Robins*, 16 Ir. Ch. 422. *Bentley* v. *Mackay*, 31 Beav. 143. *Kyle* v. *Kavanagh*, 103 Mass. 356. *Spurr* v. *Benedict*, 99 Mass. 463. *Young* v. *McGown*, 62 Maine, 56. *Diman* v. *Providence, Warren, & Bristol Railroad*, 5 R. I. 130. *Dulany* v. *Rogers*, 50 Md. 524. *Barfield* v. *Price*, 40 Cal. 535. *Calverley* v. *Williams*, 1 Ves. Jr. 210. *Cooper* v. *Phibbs*, L. R. 2 H. L. 149. Pom. Eq. Jur. § 870.

So far as the evidence in the case shows a mistake, it is apparently not one and the same mistake entertained by both Dr. Page and the defendant, but two different and separate mistakes. The mistake of Dr. Page, if he drew the deed as he did in consequence of a mistake, was in understanding that the defendant owned and agreed to sell and convey by proper description the Cheever lot, but apparently he was under no mistake in regard to the contents or the legal effect of the deed. The mistake of the defendant, if he was under any mistake, was in regard to the contents and legal effect of the deed, which he supposed did not include the Cheever lot; but he was under no mistake in regard to the fact that he did not own the Cheever lot, and did not intend to include it in the description of the land conveyed by the deed. The only mistake which in any sense can be called a common mistake was that each misunderstood the understanding of the other in regard to the land which was agreed to be conveyed, which is a mistake as to the subject matter of the contract. If this can with any propriety be called a mutual mistake, it is not such a mutual mistake as is described in the first issue framed for the jury. That relates to a mutual mistake in inserting in the deed the description of the land so far as the deed purports to convey more land than the defendant owned east of the stone wall. On the assumption on which, as we understand it, the case proceeded, namely, that the acts of the plaintiff were to be regarded as the acts of the grantee in the deed, and that the

plaintiff intentionally drew the deed in the form in which it was executed, we think that the jury should have been instructed to find the first issue in the negative, if they found that the plaintiff understood at the time the deed was delivered that it included the Cheever lot.

The verdict for the defendant cannot be supported by the answer to the second issue standing. alone. This issue does not clearly present the questions whether the parties intended that the deed should describe the land by metes and bounds, and should contain the usual covenants of a warranty deed, and whether there was a misunderstanding as to the lots of land which were to be conveyed. The plaintiff's exceptions, therefore, must be sustained, and the verdict and the findings of the jury on the issues must be set aside.

Whether, if both parties expected that the deed should define by metes and bounds the land to be conveyed, and should contain the usual covenants of title, and there was an honest misunderstanding as to the lots which the defendant owned and was to convey, and the plaintiff drew the deed according to his understanding of the bargain, and the defendant executed it without a knowledge of its contents, supposing that it did not include the Cheever lot, these facts could be set up as a defence under the St. of 1883, c. 223, § 14, is a question which deserves consideration. Upon such a state of facts, it is apparent that the thirteen hundred dollars were paid by Anna F. Page as the consideration of the purchase of all the land described in the deed, including the Cheever lot, while the money was received by the defendant as the consideration of the sale of his land excluding the Cheever lot. If the defendant is not bound by the deed as it is, it cannot be reformed against the consent of the plaintiff, so as to exclude the Cheever lot, because that would be to make a contract which the plaintiff never intended to make. If the deed were declared void, the defendant cannot retain the consideration paid. If a suit in equity had been brought by the defendant to rescind the deed or to declare it void, and this relief were granted, an account might be taken of the rents and profits received by the plaintiff and Anna F. Page from the defendant's land while he and she held possession under the deed, and of the consideration paid, with interest, and a balance be struck,

and the defendant might be ordered to pay this balance, if any was due from him, and this might be charged as a lien upon the land until paid, or the payment of it might be made a condition of the decree. *Bloomer* v. *Skittle*, L. R. 13 Eq. 427. *Torrance* v. *Bolton*, L. R. 14 Eq. 124, 136, and L. R. 8 Ch. 118. *Allen* v. *Hammond*, 11 Pet. 63, 72. *Daniel* v. *Mitchell*, 1 Story, C. C. 172. *Brown* v. *Lamphear*, 35 Vt. 252. Adams Eq. 191. Kerr on Fraud and Mistake, (2d ed.) 373. The fact that the deed was to Anna F. Page, who paid the money, and that the plaintiff is a devisee under her will, might require that the legal representatives of her estate should be made parties to the suit in equity in order that complete justice might be done.

The St. of 1883, c. 223, § 14, permits a defendant to allege, as a defence in an action at law, "any facts that would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action." It deserves consideration whether this permits a defendant, in an action at law, to allege facts in defence which, according to the usual practice in equity, entitle him to be relieved against the plaintiff's cause of action only upon condition that he pay money or secure the payment of it, or perform some other act when it is not alleged that the condition has been performed, or that there has been a tender of performance. See *Scott* v. *Littledale*, 8 El. & Bl. 815; *Perez* v. *Oleaga*, 11 Exch. 506.

As there must be a new trial, we have deemed it proper to call the attention of the defendant to some of the questions which may hereafter arise, although they are not now before us.

For these reasons, a majority of the court are of the opinion that the exceptions must be sustained.

*Exceptions sustained.*

*A. D. Bosson*, for the plaintiff.
*W. B. Durant*, for the defendant.