(129 So. 571)

## COPELAND et al. v. KELLER.
### 8 Div. 178.

Supreme Court of Alabama.

June 28, 1930.

534

A. A. Williams, of Florence, for appellee.

A. G. Bates, R. M. Sims, and Geo. E. Barnett, all of Florence, for appellants.

**BOULDIN, J.**

The decree sustaining demurrer to the amended bill, and giving complainant "thirty days in which to amend the bill of complaint. in default of which said bill of complaint will stand dismissed from this court at the cost of the complainant," did not ipso facto put the cause out of court.

The appeal is properly taken from the final decree dismissing the cause upon failure to further amend. Lide v. Park et al., 132 Ala. 222, 31 So. 360; Daggett v. Boomer, 210 Ala. 673, 99 So. 181.

This brings up for review the interlocutory decrees theretofore rendered sustaining de-

murrers to the original and amended bills, from which no appeals were prosecuted under the thirty-day statute. Code, § 6079.

The original bill was filed by the transferees of a promissory note against the makers and an indorser thereon for reformation as to the amount payable.

The note as executed was as follows:

"Florence, Ala., Feb. 15, 1926. No.—

"Eleven months, I, after date, without grace, for value received I promised to pay to W. B. Copeland, or order, $400.00, Four and No/100 Dollars, till due Jan. 15, 1927."

It contained further stipulations for attorney's fee, waiver of exemptions, etc., not material to be set out.

The bill alleges the consideration was the sale of property from the payee to the makers for the sum of $400, to be evidenced by a promissory note for that sum to be executed by the makers, "with the defendant M. T. Keller, as indorser thereon. * * * That in the execution of said note, a mutual mistake was made, that in drawing up said note, the figures $400.00' were placed in the body thereof, but in the wording of the amount of said note (which governs in law, or takes precedence over the figures used) it read 'Four Dollars' instead of 'Four Hundred Dollars' as intended by the payee, and the other parties thereto. That if plaintiffs are mistaken in the execution thereof as aforesaid being a mutual mistake, then they allege in the alternative that it was a mistake on the part of the payee, W. B. Copeland in drawing up said note in making the wording of the amount read 'Four' dollars instead of 'Four Hundred Dollars,' which mistake the other parties thereto at the time knew or suspected."

■ The general· equity jurisdiction to reform written instruments so that they shall express the true agreement of the parties extends, as of course, to negotiable promissory notes. 23 R. C. L. p. 313, § .7.

■ Under the Negotiable Instruments Law, where the sum payable is expressed in words and also in figures, the words control, if not themselves uncertain. Code, § 9045, subd. 1.

If in fact the figures express the true intent of the parties, the remedy at law is therefore inadequate.

■ The original bill was not multifarious because the contractual obligations of the makers and of the indorser are separate and distinct—the one primary, the other secondary; the one absolute, the other conditioned upon taking the legal steps required to charge an indorser.

■ The bill shows the indorser was an original party to the instrument. His status is defined by Code, § 9090, saying:

"Where a person, not otherwise a party to an instrument, places thereon his signature in blank before delivery, he is liable as indorser in accordance with the following rules:

'"(1) If the instrument is payable to the order of a third person, he is liable to the payee and to all subsequent parties," etc.

A note payable, as here, to a named person, or order, is a note "payable to order" within the meaning of the Negotiable Instruments Law. Code, §§ 9029, 9036.

■ In case of mutual mistake on the part of all the original parties, all of whom have given assent to the same thing, a reformation may be had as to all, fixing their several obligations according to the real agreement, make the document bespeak the true agreement as to all.

■ The general demurrer, no equity in the bill, was the only ground upon which several defects in the original bill, here presented, were challenged.

The second alternative above quoted, charging no more than that the indorser "suspected" the mistake, was defective on apt demurrer.

■ There must be a common assent to the same thing, a mistake in expressing such agreement. The mistake must be mutual; that is to say, the parties must have come to a common agreement, which by mistake of some one has not found expression in the instrument.

■ True, taking advantage of the known mistake of another in drafting the document, executing a paper known not to state the true agreement, with the intent to have the consideration pass, and then defeat the obligation it was intended but failed to express, may be a fraud working an estoppel in equity.

■ But if the indorser here had no part in the agreement between the parties, did not know the amount of the debt, and indorsed the note as presented to him, because of the fact that he "suspected" a mistake from the state of the instrument, no obligation resting on him to draft the contract, he would be bound only by the legal obligation expressed, and would rest under no estoppel.

■ Assignees or others in privity with the original parties. broadly speaking, succeed to the remedy of reformation.

■ But the facts showing such assignees stand in the shoes of the original parties as to the equity so asserted should be averred. The bill is defective in this regard.

Whether these and other defects justified a decree sustaining a demurrer for want of equity, we need not determine.

■ The bill, filed after the maturity of the note, no where avers presentment for payment, nor notice of dishonor to the indorser.

While his obligation was original under the Negotiable Instruments Law above quoted, his liability was that of an "indorser" and was secondary. He was not bound in the ab-

536

sence of presentment, and also notice of dishonor, unless presented to him, no waiver appearing. Code, §§ 9096, 9114, 9135.

Proper averments and proof in this regard were necessary to relief by way of specific performance against the indorser.

This defect was specially pointed out in ground of demurrer No. 9.

■ The decree sustaining the demurrer was general, stated no ground upon which the ruling was based. In such case, the decree will not be reversed if any ground going to the bill as a whole was well taken.

■ After demurrer sustained, complainant amended his bill. Among other things, the makers of the note were stricken out as parties respondent, and the amended bill sought reformation as against the indorser alone.

Among the grounds of demurrer to the amended bill was the nonjoinder of the makers as necessary parties. This ground of demurrer was well taken. Unless waived it was the right of the indorser to have the makers, the persons primarily liable, persons liable over to him, made parties to the bill, and bound by any decree of reformation.

■ The fact that respondent had demurred to the original bill for multifariousness and misjoinder of parties respondent, and the demurrer had been properly sustained on other grounds, did not estop him, as appellant argues, to interpose the demurrer for nonjoinder.

The amended bill retained the defective alternative averment that respondent "suspected" a mistake which we have hereinabove discussed. Special demurrer challenged this defect to the amended bill.

It follows the decree in general terms sustaining the demurrer to the amended bill was free from error.

Having failed to amend within the reasonable time given, the decree dismissing the cause was without error. The decree, however, will be here modified so as to make the dismissal without prejudice. Appellant will pay the costs of appeal.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.