142 So. 663

## REEVES v. THOMPSON.

### 6 Div. 80.

Supreme Court of Alabama.

June 10, 1932.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

Arthur L. Brown, of Birmingham, for appellee.

FOSTER, J.

The bill as originally framed sought to require the mortgagor to select which of lots 37 or 38, he intended by the general description of "one lot located in West End Manor," and to reform the mortgage so as to describe it properly.

By an amendment, the bill alleged that it was the mutual intention of both parties to embrace in the mortgage both of the lots, and that they each were only twenty-five feet frontage adjacent to each other, and intended to be the "one lot" described in the mortgage,

and sought to reform the mortgage by so describing the property. This amendment was alleged to be an alternative of that sought in the bill as originally framed.

It also alleged that the mortgage contained personal property which the mortgagee had removed and refuses to disclose its location. It sought a discovery, by interrogatories separately filed, and a foreclosure of the mortgage.

Regardless of those aspects in the alternative which sought a reformation of the description of the real property, the bill has equity to foreclose the mortgage even though it be treated as a chattel mortgage, because of the alleged ambiguity in the description of the realty. Ex parte Logan, 185 Ala. 525, 64 So. 570, 51 L. R. A. (N. S.) 1068, Ann. Cas. 1916C, 405; Humes v. Scott, 130 Ala. 281, 30 So. 788; Bolling v. Vandiver, 91 Ala. 375, 8 So. 290; Tyson v. Weber, 81 Ala. 470, 2 So. 901; Whitehead v. Lane, etc., Co., 72 Ala. 39; 11 Corpus Juris 719.

■ To support the aspect for reformation there must be shown to have been a mutual agreement to embrace certain property, but that some of it was omitted, or it was incorrectly described, by mutual mistake, or by the mistake of one party and fraud of the other (or the equivalent of fraud). Section 6825, Code; Gallilee Baptist Church v. Pallilla, 219 Ala. 683, 123 So. 210; Copeland v. Keller, 221 Ala. 533, 129 So. 571; Cobern v. Foshee, 221 Ala. 301, 128 So. 779; West End Savings Bank v. Goodwin, 223 Ala. 185, 135 So. 161.

■ "Where the mistake of the parties in the sale or leasing of property goes to the identity of the property itself, reformation will be denied although the contract may be rescinded, since there was no meeting of the minds of the parties." 117 Am. St. Rep. 242, note; 23 R. C. L. 335; Page v. Higgins, 150 Mass. 27, 22 N. E. 63, 5 L. R. A. 152.

■ "A court of equity can reform an instrument only for the purpose of having it express the understanding and agreement of the parties." 117 Am. St. Rep. 230, note.

That aspect of the bill, which seeks to require the mortgagee to select the lot he intended by the description and to reform the mortgage pursuant to such selection, lacks the elements required of mutual agreement as to the lot intended, and that the description of the lot in the mortgage by mistake failed to specify that which the parties agreed that it should contain.

And that aspect which seeks to reform the mortgage by embracing both lots may be barely sufficient to come within the requirements (not now decided, as it will probably be amended so as to remove any claim of insufficiency).

But that aspect which seeks a foreclosure of the mortgage, and discovery of the location of the chattels, seems to be sufficient as against any ground of demurrer assigned.

■ The demurrers were addressed to the bill as a whole, and not to its various aspects, separately. Our latest cases are to the effect that when so framed, if any aspect is not subject to such demurrer, it is properly overruled. Wood v. Estes (Ala. Sup.) 139 So. 331; [1] American-Traders' Nat. Bank v. Henderson, 222 Ala. 426, 133 So. 36; Breeding v. Ransom, 220 Ala. 82, 123 So. 899; McMillan v. McMillan, 218 Ala. 559, 119 So. 676; Davis v. Anderson, 218 Ala. 557, 119 So. 670, and citations.

The court was therefore not in error in overruling the demurrers as framed.

Affirmed.

ANDERSON, C. J., and GARDNER, THOMAS, and BROWN, JJ., concur.

BOULDIN, J., concurs in the result.

KNIGHT, J., not sitting.

BOULDIN, J. (concurring specially).

A mistake as to the identity of the property to be mortgaged, the mortgagor having in mind one property and the mortgagee another, is not subject to reformation for the obvious reason that there has never been a meeting of the minds of the parties. A mutual mistake subject to reformation exists where both parties have in mind the same property, but by mistake of both, or mistake of one with fraud or inequitable conduct of the other, the writing does not correctly describe or identify the property. Page v. Higgins, 150 Mass. 27, 22 N. E. 63, 5 L. R. A. 152; note 117 Am. St. Rep. 242.

Under which of these rules does this case fall?

The bill avers: "That as part of the security furnished the complainant in and by the terms of said mortgage there is mentioned 1 lot located in West End Manor valued at $1,250.00, and it was represented to complainant by the respondent, that he owned just one lot at West End, therefore the lot was not described with more particularity than set out in the said mortgage and complainant avers that the said respondent now claims that he owns two lots in West End and that they are described as Lots Nos. 37 and 38 in Block 2 West End Manor, and for this reason it is not entirely clear which of said lots were intended to be conveyed to him in said Manor, whether Lot 37 or 38, and he avers that it was the purpose of the mortgagor to convey

[1] 224 Ala. 140.

one or the other of said lots to the complainant, mortgagee, and he further avers that he has the right to have the mortgagor to elect which of said lots was intended to be embraced in the said mortgage, and further that he intended to have the lot embraced in the mortgage given to him by the respondent for the security of the payment of his said indebtedness and that the mortgagor intended to give one or the other of said lots embraced in the said mortgages as security for the payment of said indebtedness."

In my opinion this does not present a case where one party had one property in mind and the other party a different property; but one wherein the mortgagor, representing he owned a lot in west end manor which he proposed to mortgage as security was intended to be and was conveyed under the description of "1 lot located in West End Manor valued at $1250.00."

It was not essential that the mortgagee know the lot, its location, number, or dimensions. There was sufficient mutuality if he intended to take a mortgage on a lot which the mortgagor had in mind and proposed as security.

Further averments in the amended bill show that in fact the mortgagor did own one parcel of land in west end manor, but it was platted as two lots. In one alternative the bill seeks to have a reformation on the assumption that all the parcel was intended. In the other, above quoted, the bill concedes the mortgagor intended to convey only one of the numbered lots, the mortgagee intending whatever lot was intended by the mortgagor, and further concedes the mortgagor merely had in mind one or the other of such lots, and now seeks to have an election as to which will be treated as the mortgaged property.

In my judgment this presents a case of an executory contract to convey as security one or the other of the two lots.

Such a contract carrying an obligation to perform in the alternative is not unlawful or void for uncertainty, but is enforceable.

Usually the obligor, mortgagor in this instance, has the election as to which alternative he will perform.

Equity, treating that as done, which ought to have been done, enforces an executory contract to give a mortgage as an equitable mortgage. 13 C. J. 629.

In my opinion such is the case presented, and the court of equity may give the mortgagor the privilege of electing which lot shall be subject to the mortgage, and, on his failure so to do, declare his right of election forfeited, and proceed to enforce his obligation by fastening the lien on either as the equities shall appear.