|  | 6 | 433 |
|---|---|---|
| 137 | | 491 |
| | 6 | 433 |
| 144 | | 322 |

## MARDIS' Adm'rs v. SHACKLEFORD.

1. The declaration stated that certain notes, accounts, &c. were placed in the hands of M. an attorney at law, who undertook to collect them and pay the proceeds *to the creditors of B. S. & Co.*, and the breach alleged was a failure to collect and pay over the money: *Held*, that the declaration was not bad, for the omission to particularize by name, the creditors to whom the money collected, was to be paid.

2. It is allowable in pleading to refer, in a subsequent to a preceding count : and in an action against an attorney at law, for failing to collect and pay over the amount of certain notes, &c. intrusted to him for collection, if the notes, &c. are sufficiently identified in one count, the counts that follow, may refer to and adopt the description there made, without mentioning their respective amounts, and by whom due.

3. Where claims are placed in the hands of a third person, to collect and pay over to the creditors of the proprietor, an action for the failure to collect them, and pay over the amount, may be maintained by the latter—the creditors being no parties to the arrangement, or their demands being paid by him.

Writ of error to the Circuit Court of Talladega.

This was an action of assumpsit by the defendant in error, against the plaintiffs. The declaration contains eight counts, on the first six of which, issues of fact were joined, and to the seventh and eighth, the defendants demurred *seriatim*. The seventh count alleges that the defendant's intestate was an attorney at law, practicing in the several inferior and superior courts of this State, and at his request the plaintiff placed in his hands obligations and evidences of debt due from divers persons resident in the same, amounting in the aggregate to the sum of fourteen thousand three hundred and fifty-three dollars and fifty-four and one-fourth cents—all of which are particularly described by a statement of

55

the names of the debtors, the amount, and when due. In consideration of the premises, and a reasonable fee to be paid to the intestate for his services, he undertook to collect the obligations and evidences of debt, and pay the amount thereon received, to Henry Hitchcock, in the discharge of certain demands in his hands against the late firm of Burke, Shackleford & Co., of which the plaintiff was a partner. The breach alleged is, that the intestate did not proceed to recover the money due and owing to the plaintiff on the obligations, &c. and pay over the amount in discharge of the claims existing against Burke, Shackleford & Co. as it was his duty to do; but wholly failed to collect and pay over the same, &c.; and by such neglect, the plaintiff has been prevented from collecting the obligations, &c. and has been altogether deprived of, and wholly lost the same. The declaration then concludes with a deduction of the intestate's liability, and a promise by him to pay, &c.

The eighth count, instead of describing the evidences of debt placed in the intestate's hands, merely declares that they are identical with those mentioned in the third and seventh counts, and alleges that the money to be collected thereupon, was to be paid to divers creditors of Burke, Shackleford & Co., without designating them in any manner, or stating where their demands were to be found. It avers a breach of the intestate's contract in toto, and as a consequence of his default, that the money due the plaintiff on the evidences of debt, were wholly lost to him; and that he has been compelled to pay the demands against B. S. & Co. which the intestate, by his collections, was to have discharged. This count concludes as that which preceded it. The demurrer to each count was sustained, and the cause submitted to a jury upon issues of fact to the entire declaration, who returned a verdict for the plaintiff, for the sum of three thousand and forty-six dollars and seventy-five cents; and judgment was thereupon rendered.

S. Parsons, W. P. Chilton, and Bowdon, for the plaintiff in error. The declaration should have alleged, who were the creditors of Burke, Shackleford & Co., whose demands the intestate was to pay with the proceeds of the notes, &c. placed in his hands for collection. This much was necessary, in order to make it certain to a common intent. [4 Ala. Rep. 70; 9 Johns.

Mardis' Adm'rs v. Shackleford.

Rep. 271; 1 Chit. Plead. 7 Am. ed. 267; Id. 318, 321, 324; 3 Salk. Rep. 246.] Each count must be complete in itself, and cannot be aided by reference to something extrinsic; the eighth count is, therefore, bad, because it does not describe the evidences of debt which intestate was to collect. [3 Ala. Rep. 103, 244.]

The seventh count shows that the plaintiff has no right of action; if the intestate failed to perform his part of the contract, as the money was to be paid to the creditors of Burke, Shackleford & Co. they must sue. [8 Porter's Rep. 333; 5 Wend. Rep. 235; 9 Cow. Rep. 115; 3 Johns. Rep. 71.] The objections to the declaration are available on general demurrer. [10 East's Rep. 359.]

S. F. RICE, for the defendant in error. The intestate must be supposed to have been cognizant of the residence of the creditors of Burke, Shackleford & Co., and of the amounts due them respectively; consequently, the declaration need not have made a special allegation on this point. [4 Ala. Rep. 70; 6 Com. Dig. 59, (c. 26,) 92; (c. 81.)] The breach and promise are well stated, and admitted by the demurrer. [9 Porter, 552; 3 Ala. Rep. 206; 9 Cow. Rep. 308; 1 Chitty's Plead. 325, and cases there cited; Cro. Eliz. Rep. 749; Step. on Plead. 359, 360; Greenleaf's Ev. 105; n. 1.] It is competent for one count to refer to another for some fact to sustain it, and this although it would be incomplete without such reference. [3 H. & Johns. Rep. 28; 4 Am. Com. Law Cases, 167, 179.] If the defendants or their intestate had used the proper means to ascertain the residence of the creditors, and could not perform the intestate's contract for want of such knowledge, they should, if it could have availed them, have insisted on the matter by way of defence. It was not incumbent on the plaintiff, either to allege or prove any thing in respect to their knowledge.

COLLIER, C. J.—1. It is not essential to the sufficiency of the declaration, that it should state the names, residence, &c. of the creditors of Burke, Shackleford & Co., to whom the intestate undertook to pay the money realized upon the claims placed in his hands for collection. There is nothing in the statement of the cause of action, to show that the creditors were designated, or that the undertaking was not, generally, to pay the money as collected, to those to whom Messrs B. S. & Co. were indebted. If

the intestate had desired the information necessary to enable him to appropriate the money, he should have applied to the plaintiff; and if he could not thus have obtained it, perhaps it might have availed him as a defence, to prove that he was in no default; but was ready and had actually offered to perform his engagement. Be this as it may, the breach alleged, is not that the intestate did not *pay over*, but that he failed to collect and pay over the claims intrusted to him.    If there was an entire neglect of professional duty, so that no money was realized by the intestate, he had nothing to pay the creditors, and his representatives cannot insist upon an omission to state their names, residence, &c., as a fatal defect in the pleadings.    The accountability of the defendants under such a state of facts, as will be hereafter shown, would be to the plaintiff, with whom the intestate had contracted.

2. It is objected to the eighth count, that it does not describe the claims which the intestate received for collection, but merely refers to the third and seventh counts, and adopts the description contained in the third and seventh counts.    The several counts of a declaration are regarded as its different parts or sections, [Step. on Plead, 267] and in framing it, unnecessary repetition should be avoided.    This may be done by the counts referring to each other; but unless such reference is made, one count will not be aided by another; "for though both counts are in the same declaration, yet they are as distinct as if they were in separate declarations; and consequently, they must independently contain all necessary allegations, or the latter count must expressly refer to the former."    [1 Saund. on Plead. and Ev. 417.] In Ryder v. Robins, [13 Mass. Rep. 284,] the first count concluded that the defendant, "though often requested has never paid, &c. but neglects and refuses, &c.," but the second contained no such averment or any thing equivalent: *Held*, that the allegation of the first, might be applied to the second count.    And in Dent's adm'r v. Scott, [3 Har. & J. Rep. 28,] it was considered to be sufficient for one count to set out a consideration, and for the other counts seeking to enforce a contract founded upon the same consideration to refer to it.    Each count it was said, need not contain a complete declaration in itself, but by a reference to another, its defects would be supplied.    The case of Maupay v. Holley, [3 Ala. Rep. 103,] is entirely consistent with the authorities cited.    That was an action of *assumpsit*, and the

declaration contained two counts, in each of which the contract was stated differently. The court said, "where a declaration contains several counts, each count is considered as the statement of a different cause of action; and where issue is taken upon all, the plaintiff is entitled to recover, upon proving the allegations of either." The citations made, are directly in point, and in recognizing them as authoritative, we necessarily attain the conclusion that the objection to the eighth count is not well taken.

3. In respect to the right of the plaintiff to maintain an action for the breach of the intestate's contract, this we think cannot be doubted. The undertaking was, to collect the obligations and evidences of debt, and pay the amount thereon collected, to the creditors of Messrs B. S. & Co. Under this agreement, no legal right to the claims vested in the creditors, and it was only after the money had been collected, (if at all) that they could maintain an action against the intestate for the failure to pay it over.— Hitchcock, et al. v. Lukens & Son, [8 Porter's Rep. 333] which was cited for the plaintiffs in error, is unlike the present. There, the plaintiffs were judgment creditors of a third person, who in consideration that the former and other creditors would extend the time of payment of their demands to a day designated, conveyed by deed, to the defendant, in trust, to secure the debts due to the plaintiffs and other creditors, certain property. The trustees sold a part of the property, and received about eighteen hundred dollars; to recover the amount due them, the plaintiffs brought an action of *assumpsit*, and declared, *first*, on the special contract; *second*, for money had and received. It was shown that the plaintiffs had suspended proceedings on their judgment, and that their execution was entitled to precedence over all others, except one for two hundred dollars. The court held, that where one man has money which *ex aequo et bono* belongs to another, if there be no contract modifying the general liability to pay, the person entitled to the money may recover it in an action for *money had and received;* and this, although he knows nothing of the party who has the right—the law itself creates the privity and the promise. In that case, the plaintiffs were entitled to the money as soon as it was collected, and being a party to the deed of trust, could have sued the trustee for neglecting to perform his duties as such. But in the present case, the undertaking to collect the notes, does not seem to have enured to the creditors;

they were not parties to the contract between the plaintiff and the intestate; and at most, could only claim the money when collected of the intestate or his representatives after his death.

If a right of action for the failure to collect, ever vested in the creditors of B. S. & Co., so far as the eighth count is concerned, the allegation that their demands had been satisfied by the plaintiff, would revest him with the title to the claims in the intestate's hands, and entitle him to sue, in the form in which he has in the present case.

Without extending this opinion to greater length, we would merely remark that we consider the seventh and eighth counts, as entirely unexceptionable. The judgment is consequently affirmed.