## PRATER ET AL. *vs.* STINSON AND WIFE.

1. An administratrix having received money, " to which plaintiff was entitled as one of the distributees of the estate, all the other distributees having received their respective shares", let her husband have some of it, at his request, to lend to another person ; her husband loaned it out accordingly, taking a note payable to himself, which he " deposited with his said wife for the use and benefit of plaintiff, that she might get the money"; after his death, his executors demanded and received from her the said note and the money on hand, with notice that they belonged to plaintiff and not to their testator, and subsequently collected the money due on the note : *Held*, that plaintiff might maintain an action at law against them for the money thus received and collected, and that satisfaction of the judgment recovered against them would be an extinguishment of the debt due from the administratrix.

APPEAL from the Circuit Court of Benton.
Tried before the Hon. THOMAS A. WALKER.

THIS action (William Stinson and Nancy his wife against James Prater and Andrew J. Prater) was commenced by summons and complaint, to recover of defendants " two hundred

and thirty dollars with interest, for so much money of plaintiffs' delivered to defendants by Jane Prater in the year 1850; also, for so much money received by defendants from Robert McCain for the use of plaintiffs, together with interest on said sum from the year 1850." The defendants pleaded, 1st, the general issue; and, 2d, "that the money mentioned in plaintiffs' complaint was received by them as executors, and plaintiffs' demand was not presented within eighteen months."

On the trial, as appears from the bill of exceptions, "the plaintiffs introduced as a witness one Jane Prater, who proved, that some five or six years since she, as administratrix in South Carolina of her former husband's estate, received two hundred and thirty dollars, to which plaintiff was entitled as one of the distributees of said estate, all the other distributees having been paid their respective portions; that she loaned one Dowdle ten dollars of said moneys, and took his note, payable to herself; that at the time she received said moneys, she was the wife of one John Prater, and had been married to him some two or three years before that time; that she let her said husband (Prater), at his request, have one hundred dollars of said moneys, to be loaned to one Robert McCain; that he (Prater) loaned said one hundred dollars to said McCain, and an additional one hundred of his own, took the note payable to himself, and deposited said note with witness for the use and benefit of said plaintiff, so far as the one hundred dollars is concerned, that she might get the one hundred dollars from McCain; that after the death of said John Prater, in 1850, the defendants, while his executors, having qualified as such on the 10th October, 1850, took an inventory of his estate on the 17th October of that year, and on that day demanded and received from witness, as such executors, said one hundred dollar note on McCain, said ten dollar note on Dowdle, and one hundred and twenty dollars in money, (said sum being the money above specified, which had been in her possession all the time.) Witness informed and notified defendants, at the time, that said money and notes belonged to plaintiff, and not to Prater's estate. It was also proved, that since that time, and before this suit, defendants had collected said two hundred dollars from said McCain.

"This was, substantially, all the proof in the case; and

there being no conflict in the evidence, the court charged the jury, that if they believed the evidence, they must find for the plaintiffs ; to which charge the defendants excepted."

The charge of the court is now assigned for error.

MORGAN & MARTIN, for the appellants :

The administrator is the sole representative of the personalty which belonged to the intestate. The legal title vests in him, and all actions relating to it must be prosecuted by him. 1 Wms. Ex., top pp. 567-8; Snodgrass v. Cabiness, 15 Ala. 160; Upchurch v. Norsworthy, ib. 705. The action for money had and received for the use of the intestate in his lifetime, or for the use of his estate after his death, can only be maintained by his administrator.—1 Wms. Ex., pp. 568-9; 2 Durn. & E. 848; 2 B. & C. 647. At common law, a distributee could not maintain this, or any other action at law, for his distributive portion, even where there was an express promise.— 2 Wms. Ex. 1185; 3 Durn. & E. 690. How then can it be said, that he may maintain such an action against a third person, who may happen to be in possession? In a court of law, he must be regarded as a mere stranger : he has no legal title, and can obtain no standing in court. The statement of the witness, that this money belonged to the plaintiffs, is but her legal conclusion ; and the facts stated by her, upon which she based her conclusion, show it to be erroneous.

Upon the marriage of the administratrix with Prater, the latter became administrator in right of his wife. The money was received after this marriage, and vested at once in the husband, especially as he exercised his rights over it by lending it out, and taking the note payable to himself; and it was, therefore, properly passed to his executors. This administration was in South Carolina, where the common law is presumed to prevail.—1 Wms. Ex. 597-8; 2 ib. 630-32; Ankerstein v. Clarke, 2 Durn. & E. 330. The law never implies a contract to pay money, unless it originally, or at the time of suit brought, belonged to plaintiff. He must show a legal title to some particular and specific sum : the law cannot imply a promise in favor of one who has not the legal title.— 1 Chitty's Pl. 353; Thurston v. Mills, 16 East's R. 254; Whitehead v. Peck, 1 Kelly's R. 140. While the relation of admin-

istratrix existed, the funds in the hands of the administrator were in the nature of trust funds ; and even a final settlement would not transfer to the distributees the title to any particular sum of money remaining in his hands. If the money, while in the situation in which it was found by the appellants, had been burned, or destroyed in any other way, the debt from the administratrix to the distributees would not have been thereby discharged ; or if it had been property, and a trespass had been committed on it, the distributees could not have maintained any action for the injury. How then can it be said, that they have such an interest as will entitle them to recover the proceeds of the property, or the money itself? Dulany v. Dickerson, 12 Ala. 601; Thompson v. Spinks, ib. 155.

Another insuperable objection to a recovery is this: The appellants demanded and received the money and notes in the capacity of executors, as a portion of the assets of their testator's estate, without even a request from the party paying it that they would hold it for, or pay it to the plaintiffs. An assent on the part of the appellants, express or implied, to hold the money for the plaintiffs, or that they had received it for their use, is indispensable : in no other way can a privity between them be created. Such assent is here expressly negatived, and against it there can be none by implication.—Williams v. Everett, 14 East's R. 581; Whitehead v. Peck, 1 Kelly's R. 140; Weston v. Barker, 12 Johns. 276; 2 Greenl. Ev., § 119; 1 Chitty's Pl. 353.

M. J. Turnley, contra :

Under the facts shown by the bill of exceptions, the plaintiffs were, ex æquo et bono, entitled to the money received by the defendants, and might therefore recover it in this action. In cases of such implied contracts, the law creates both the privity and the promise.—Hitchcock v. Lukens, 8 Port. 338; 2 Black. Com. 443; Parsons on Cont., p. 4.

RICE, J.—If goods be delivered to A to deliver to B, the latter may support the action of detinue, the property being vested in him by the delivery to his use.—1 Chitty's Pl. 122, note (n).

Upon the same principle, if money be delivered to A for

the use of B, the latter may maintain assumpsit for its recovery, against A, or against any. one who receives it from A with notice of B's right to it. So, if a promissory note is delivered to A for the use of B, and C afterwards, with notice of B's right thereto, procures the note, and collects the money thereon, B may maintain assumpsit against C for such money. Hitchcock v. Lukens, 8 Port. 333;. Mardis v. Shackelford, 6 Ala. 433; Gayle v. Benson, 3 ib. 234; Burdine v. Roper, 7 ib. 466; Reavis' Dig. 83, §§ 2-5.

Upon the facts presented in the bill of exceptions, the appellants have no right to the money sued for, either as individuals, or as executors of the last will and testament of John Prater. The money is not assets of the estate of their testator, and they are not bound to account for it as assets. They are liable as individuals for it, to the appellees, who are its owners.— Burdine v. Roper, 7 Ala. 466.

It may be conceded, that the strict legal title to this money was once in Jane Prater, as administratrix of her first husband in South Carolina. But she proves that the wife of Stinson was entitled to it, as one of the distributees of the estate of the said first husband, and that all the other distributees had been fully paid their several distributive shares. She also proves other facts, which show that it is by *her own acts*, in connection with the right of Mrs. Stinson as a distributee, that the appellees (Stinson and wife) have acquired the right to recover this money in satisfaction (either total or partial) of Mrs. Stinson's distributive share.—2 Wms. on Ex'rs 1188. Whenever, therefore, the appellees obtain satisfaction of the judgment obtained in this case, they will have ratified the acts of the administratrix, and will be barred from recovering from any person anything on account of the two hundred and thirty dollars received by Jane Prater as administratrix of her first husband, upon the principle, that satisfaction of a debt, even by a stranger, is an extinguishment of the debt. And the representative of said first husband will be barred to the same extent, because the administratrix, by her acts in relation to that money, has caused that satisfaction to be made to the appellees, which she as administratrix was legally authorized (if not bound) to make.

The judgment below is affirmed.