## CLARK, AUSTIN & SMITH *vs.* CILLEY.

[ATTACHMENT AND GARNISHMENT—CONTEST WITH TRANSFERREE.]

1. *What constitutes assignment of note, as against attaching creditor.* Where a debtor places promissory notes, payable to himself, in the hands of an agent, with written instructions to collect them, and to pay over the proceeds to certain specified creditors, this does not amount to an assignment or transfer of the notes, either to the specified creditors, or to a surety who afterwards pays their debts, as against a subsequent attaching creditor.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. ROBERT DOUGHERTY.

THE appellants in this case sued out an attachment against the estate of Lorenzo Dow on the 22d December, 1857, and summoned Thomas C. Bragg, by process of garnishment, as the debtor of said Dow. The garnishee answered, "that he was indebted to said Dow, at the time of the service of the garnishment, by two promissory notes; one dated the 27th July, 1857, and due one day after date, for $108 16; the other, for $83 33, dated the 27th July, 1857, and due on the 1st January, 1858. Garnishee says, that within two weeks after said garnishment was served on him, knowing that said notes were left by Dow in the hands of Judge Williams, he went to said Williams, and told him that he had been garnisheed in this case; and said Williams then told him, that said Dow had left the notes with him, and authorized him to collect them, and to pay the money to other parties, whose names garnishee cannot now recollect. Garnishee has

been since informed, that said notes were left by Dow with said Williams for the purpose of protecting P. N. Cilley and H. H. Whetstone, who were sureties for said Dow on certain notes in the hands of B. J. Harrison." Cilley and Whetstone were thereupon summoned, to contest with the plaintiffs the right to the money due on the notes; and an issue was made up between them, as provided by the statute. On the trial of this issue, as the bill of exceptions shows, the plaintiffs read in evidence the answer of the garnishee, and the contestants then introduced said Williams as a witness, who testified as follows: " On the 28th July, 1857, as Dow was about leaving for Kansas, he placed in the hands of witness certain notes, among which were the notes described in the garnishee's answer; and told witness, that he did so for the purpose of paying a note for $350, due to B. J. Harrison, on which P. N. Cilley was surety, another note to said Harrison, for $31, on which H. H. Whetstone was surety, $58 to Mr. Gresham on a note held by him, and the balance to the plaintiffs in this attachment; and, at the same time, gave witness a writing, signed by said Dow, in these words: 'Pay B. J. Harrison $350 for servant hire, on note due 1st January next, and $31 now due; pay Mr. Gresham $58, and take up note which he holds against me; and pay balance to the order of Clark, Austin & Smith, New York.' Shortly after this, and before Dow left the country, and before plaintiffs' attachment had issued, witness saw said Cilley, and informed him of what Dow had done; and Cilley said that he was satisfied with the arrangement, and took no steps to prevent Dow from leaving the State, or to secure the debt on which he was liable. No person was present at the time Dow placed said notes in witness' hands. In March, 1858, Cilley was compelled to pay the money to Harrison on said notes." This being all the evidence, the court charged the jury, that they must find for the contestants; to which charge the plaintiffs excepted, and which they now assign as error.

CLEMENTS & WILLIAMSON, for the appellants, cited Drake on Attachment, § 525; Baker v. Moody, 1 Ala. 315; Mar-

dis v. Shackelford, 6 *ib.* 433; West v. Foreman, 21 *ib.* 400; Mitchell v. Allen, 10 Maine, 450; Clayton v. Fawcett, 2 Leigh, 19; Brownlee v. State, 2 Spear, 519.

THOS. WILLIAMS, *contra*, cited Brooks v. Hildreth & Mosely, 22 Ala. 469.

A. J. WALKER, C. J.—The defendant in attachment delivered notes, payable to himself, to his agent, with instructions to collect them, and to pay over the money on certain debts due by him. Before the money was collected, some of the debts so placed in the hands of the agent for collection were attached, at the instance of a creditor of the party who placed them in the hands of the agent. Sureties who have in the mean time paid off one or more of the debts, to the payment of which the money when collected by the agent was to be appropriated, contest the liability of the debts placed in the agent's hands to be attached.

The delivery of the notes to an agent, with instructions to pay the money, when collected, on certain debts, did not transfer the right to those notes, either to the creditor whose debt was to be paid with the money when collected, or to a surety upon the debt. There was no transfer whatever. Instructions were given, which might have been revoked at any time, before the agent acted in pursuance of them. The intention was, that the money, when collected, should be delivered to the specified creditors; not that the notes should be transferred.—Mardis v. Shackelford, 6 Ala. 433; Baker v. Moody, 1 *ib.* 315. The agent had no authority to deliver or transfer the notes. When one receives money, to be delivered to another, and that other assents, the right to the money at once vests in the party to whom the delivery was to be made.—Brooks v. Hildreth & Moseley, 22 Ala. 469. But the case here is obviously different. The title to the notes remained in the defendant in attachment, and the judgment should have been against the garnishee, in favor of the plaintiffs in attachment.

The judgment is reversed, and the cause remanded.