# Lockard *v.* Nash, adm'r, &c.

*Bill in Equity by Creditors of Deceased Insolvent Debtor, to set aside Voluntary Conveyances.*

| 64 | 385 |
| 103 | 241 |
| 64 | 385 |
| 107 | 253 |

| 64 | 385 |
| 119 | 246 |

| 64 | 385 |
| 128 | 388 |
| 128 | 399 |
| 128 | 401 |
| 128 | 402 |

1. *Voluntary conveyance; who may impeach.*—Existing creditors only can impeach, as constructively fraudulent, a voluntary conveyance of property by their debtor; but, at their instance, the property will be subjected to their debts, without any inquiry into the pecuniary circumstances of their debtor when he made the gift.

2. *Statute of limitations, as bar in favor of voluntary grantee.*—A voluntary grantee of property is held a trustee, by operation of law, for the benefit of the existing creditors of the grantor; and when the gift is of personal property, and is attended by no circumstances of concealment, if the creditors allow six years to elapse without suit to enforce their rights, the grantee may invoke the statute of limitations as a defense.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The original bill in this case was filed on the 17th May, 1875, by P. G. Nash, as the administrator of T. J. McCorkle, deceased, Martha E. Brown, as the administratrix of John G. Brown, deceased, and the Raymond Manufacturing Company, a corporation chartered under the laws of New York, all claiming to be creditors of William Lockard, deceased; against Pembroke S. Lockard and others, children of said William Lockard. Its object and purpose was to set aside, as constructively fraudulent, several voluntary conveyances of property by said William Lockard in his life-time to the several defendants, and to subject the property, or the proceeds of its sale, to the satisfaction of the complainants' debts. William Lockard died, intestate, in May, 1872; and his estate was declared insolvent, on the report and petition of his administrator, on the 11th March, 1874. The debt in favor of Nash, as administrator, was contracted in December, 1860, and was reduced to judgment against Lockard's administrator on the 13th April, 1875. The debt in favor of the Raymond Manufacturing Company was contracted on the 1st November, 1869, and was reduced to judgment against Lockard's administrator on the 23d April, 1874. The debts in favor of John G. Brown were contracted in February and June, 1871, and were regularly filed as claims against Lockard's estate, but were never reduced to judgment. The conveyances sought to be set aside, as constructively fraudulent, were—1st, a gift of seventy-five bales of cotton to said Pem-

(25)

broke S. Lockard, "in the fall of 1865," which was alleged to have been worth $15,000, and to have been sold by said P. S. Lockard for that sum; 2d, five several conveyances of land, all dated the 24th July, 1871, by which said William Lockard, on the recited consideration of natural love and affection, conveyed a tract of land to each one of his other children. The bill prayed that P. S. Lockard might be held to account for the proceeds of the sale of the cotton received by him, and that the property received by the other defendants might be subjected to the complainants' debts.

A separate answer was filed by said P. S. Lockard, in which, with other defenses, he pleaded the statute of limitations, and demurred to the bill for want of equity, because it alleged no actual fraud in the gift of the cotton, and showed no ground of relief as against him. A joint answer was filed by the children, in which they set up various defenses, but which requires no special notice, as the case is here presented. The chancellor overruled the demurrer and the plea, and, on final hearing on pleadings and proof, held the complainants entitled to relief against all the defendants; and he ordered a reference to the register, to state an account of the complainants' several debts, and the portion thereof to be adjudged against each of the defendants respectively. The register reported the aggregate amount of the complainants' debts to be $2,138.08, which being apportioned equally among the six defendants, the share to be paid by each was $356.34. All the defendants but P. S. Lockard paid the amounts adjudged against them, and execution was ordered to issue against him. P. S. Lockard alone appeals, and here assigns as error the overruling of his demurrer and plea, and the final decree against him.

COOKE & LITTLE, for appellant.

SNEDECOR & COCKRELL, contra.    (No briefs on file.)

BRICKELL, C. J.—The correctness of the decree, so far as it affects the appellant personally, is the only question now presented; the other parties bound and charged by it not having joined in the appeal, or in the assignment of errors. Conceding that the gift of the cotton to appellant, by his father, in 1865, could not have been supported as against the creditors of the donor, and that the appellant could have been compelled to account to them for its value, or for the money into which he converted it by sale, actual fraud, and no intent to hinder or delay subsequent creditors, being either averred or proved, no other than creditors existing

[Lockard v. Nash, adm'r, &c.]

when the gift was made could impeach it.—*Huggins v. Perrine*, 30 Ala. 396; *Stiles & Co. v. Lightfoot*, 26 Ala: 442; *Miller v. Thompson*, 3 Port. 196. The only debt due either of the complainants, existing in 1865, when the gift was made, is that of Nash, as administrator of McCorkle, contracted in December, 1860, on which judgment was obtained, or is claimed to have been obtained, on the 13th April, 1875. The other debts were contracted in 1869, and 1871. The error of the decree, so far as the appellant is charged with the payment of any part of the debts contracted by the donor subsequent to the gift, is apparent.

We repeat, the pleadings do not impute to either donor or donee actual fraud—no intent to hinder or delay present or future creditors. From motives of affection and generosity, a father of ample ability, so far as is shown by either pleadings or proofs, to pay all his existing debts, not contemplating the creation of future debts, openly makes a gift to his son, of personal property, which the son, in the usual course of business, converts into money, at its value in the markets. An existing creditor can compel the application of the money received to the satisfaction of the donor's debt. The right of the creditor does not spring out of any contract between him and the donee. It arises by operation of law, upon the broad principle that justice must precede generosity, and that the claims of creditors, who have parted with a valuable consideration, must be satisfied before the claims of others, resting merely on affection or generosity, can be recognized. The money derived from the sale of the cotton, was money held by the donee in trust for existing creditors. The liability of applying it to their satisfaction arose, and was complete, on the day it was received. The trust was implied, or constructive: it was created by the law; it was imposed on the donee *in invitum*. The statute of limitations operates to bar the enforcement of such trusts; and when there has been no concealment—when the gift is of personal property, and the transaction is open, attended with all the publicity usually attending similar transactions; if creditors permit six years to elapse, without suit to enforce their rights, the donee may invoke the statute for his protection.—*Snodgrass v. Br. Bank at Decatur*, 25 Ala. 161; *Martin v. Br. Bank at Decatur*, 31 Ala. 115.

The orders and decrees of the chancellor, so far as they charge appellant with the payment of any part of the debts claimed by the complainants, must be annulled and reversed, and a decree here rendered, dismissing, as to him, the original bill.