# Thweatt *v.* McCullough.

*Assumpsit for Money had and received.*

1. *Money deposited for use of third person.*—When money is deposited by one person in the hands of another, without consideration, to be applied for the use and benefit of a third person, the appropriation may be countermanded at any time before it has been made; and an action for the money being brought by the depositor, the *onus* is on the defendant to show that he had already applied it as directed.

2. *Action by third person; admissibility as evidence.*—Where plaintiff sues to recover money deposited by him in defendant's hands, to be applied for the use and benefit of plaintiff's ward, he can not be allowed to prove that he has been sued by another person for the tuition of the

[Thweatt v. McCullough.]

ward; this being, as to the defendant, *res inter alios acta*, and mere hearsay evidence.

3. *Gift of debt; transfer in fraud of creditors.*—Where a creditor proposed to his widowed daughter to take a debtor's note payable to her, intending it as a gift, but she declined to take it; and at her suggestion, to prevent her creditors from reaching it, the note was made payable to her minor child; *held*, that the gift to the daughter was never perfected, and that she could not assail the right and title of her child.

APPEAL from Montgomery Circuit Court.
Tried before Hon. JOHN P. HUBBARD.

LOMAX & TYSON, for appellant.—Evidence of the suit against McCullough for tuition of the ward was improperly allowed against defendant.—16 Ala. 308; 2 Stew. & Port. 28; 1 Brick. Dig. 841; 52 Ala. 638; 67 *Ib.* 55; 1 Greenleaf Ev. § 163.

RICE & WILEY, *contra.*

SOMERVILLE, J.—The evidence tends to show that the plaintiff, McCullough, had, from time to time, placed funds in the hands of the defendant, Thweatt, to be specially applied by him to the uses of a certain minor, who was the ward of the plaintiff, and for whom he had been appointed guardian.

This fact being satisfactorily proved, with the amount of the funds thus deposited with the defendant, the burden would be upon the defendant to show that he had applied the money as directed. Where money is delivered by one person to another, without any present valuable consideration, with direction to apply for the use of a third person, the order to apply may be countermanded by the depositor at any time before the receiver has appropriated it to the uses intended, or has, expressly or impliedly, entered into some arrangement with the other party by which he would be prejudiced by the revocation of the original order.—*Coleman v. Hatcher*, 77 Ala. 217; 2 Greenl. Ev., § 119. The bringing of the present suit operated, in this case, to cast on the defendant the burden of proving that he had appropriated the funds received from the plaintiff to the uses designated, and the court, in effect, so ruled on the trial.

The Circuit Court, however, improperly allowed the fact to be proved that the plaintiff had been sued for the tuition of his ward. This was, at most, merely a naked assertion by the plaintiff in that action, that the tuition had never

been paid by the defendant out of the funds deposited with him for that purpose, dignified, it may be, by a resort to a court of justice. As to the defendant it was *res inter alios acta*, or mere hearsay evidence, and was inadmissible to prove that he had not paid the debt in question. For this error the judgment must be reversed.

We notice but one other point, which will be likely to arise again on another trial. This is the *status* of the fund accruing from the Huggin's note. It is claimed by the defendant that this note was in fact the property of the defendant's wife, as a part of her statutory separate estate, although it was made payable to the plaintiff's ward, who was her daughter. The maker, Huggins, owed Mrs. Barclay, the mother of Mrs. Thweatt, and the grand-mother of the ward. Mrs. Barclay proposed to have the note made payable to Mrs. Thweatt by way of a gift to her. She being then a widow, and financially embarrassed, permitted or procured the note to be made payable to her minor daughter, above alluded to as the plaintiff's ward, as the evidence tends to· show in order to prevent her creditors from reaching it. If this be true, the note became the property of the daughter, and never belonged to the mother. By authorizing the note to be made payable to the daughter, she declined to become the donee of the debt due by Huggins; and, moreover, by procuring it to be made payable to another for the purpose of placing it beyond the reach of her creditors, she is in the attitude of a grantor who is not permitted to re-claim property that has been fraudulently aliened to a grantee or donee. The law punishes the grantor by estopping him from assailing the validity of his transfer, as the best and only practical mode of discouraging such covinous transactions, and promoting honesty and fair dealing between debtor and creditor. It is the policy of the law to make the fraudulent transaction as perilous as possible.

Reversed and remanded.