## Sterrett *v.* Miles & Co.

*Garnishment on Judgment.*

1. *Order by client on attorney, not constituting assignment; what may be reached by attachment or garnishment.*—A written order from a client to his attorney, instructing him to pay to certain named creditors, when collected, money arising from claims placed in his hands for collection, does not operate an assignment of the claims, or the money collected on them; and the ownership of the claims being thereby unchanged, the debtors are subject to attachment or garnishment at the suit of the client's creditors.

2. *Parol evidence varying writing.*—A witness, testifying as to a written order drawn on an attorney by his client, directing him to pay certain creditors out of moneys, when collected, on claims placed in his hands for collection, which does not constitute an assignment in law, can not speak of it as an assignment.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The appellees in this case, Robert J. Miles & Co., obtained a judgment in said City Court, on the 23d August, 1887, against Gabert & Ratliff as partners, and, on the 28th November, 1887, sued out a garnishment on it, which was served on Mrs. N. A. Bustin, as the debtor of said Gabert & Ratliff. The garnishee appeared, and answered, that she was indebted to said Gabert & Ratliff, by judgment rendered in said court against her, in their favor, on the 26th November, 1887; and that she had been notified by R. H. Sterrett

[Sterrett v. Miles & Co.]

that he claimed said debt, as trustee, by assignment from Gabert & Ratliff. Sterrett also appeared, and asserted his claim to the debt under a written order addressed to him by said Gabert & Ratliff, which was dated March 19th, 1887, and in these words: "Out of the collections made by you out of the claims placed in your hands against J.B.F. Jackson, Mrs. Bustin and others, on which you have filed liens against their respective properties, and have either brought or been instructed to bring suits, you will please pay the Ala. National Bank of Birmingham the sum of $750, R. J. Miles $200, Smith, Marbury & Co. $115, Thompson, Francis & Chenoworth $115, and Ullman Hardware Co. of Birmingham $700;" and at the foot of the writing these words were added: "The remainder of any sum of money so realized by you, you will pay over to the First Nat. Bank of Birmingham, on a note of $900 given by us to them on this date, March 21st, 1887." The claimant introduced Jos. F. Johnston as a witness, who was the president of said Ala. National Bank at Birmingham, "and asked him to state what arrangements, if any, had been made by Gabert & Ratliff to secure the claim of the bank and other creditors; to which he replied, that Gabert told him they had assigned, or that they would assign, certain claims in their favor which were in the hands of R. H. Sterrett for collection, against J. B. F. Jackson and Mrs. N. A. Bustin, for the purpose of securing or paying said debts. The plaintiffs asked if said assignment or transfer was in writing; and the witness having answered in the affirmative—that it was reduced to writing immediately after the conversation—the plaintiffs moved to exclude the answer of the witness, to the effect that Gabert agreed to assign claims for the purpose of paying or securing said debts. The claimant then stated to the court, that he did not offer said statement to contradict, vary or alter the written instrument, but only for the purpose of explaining the same. The court sustained the objection, and excluded the evidence; to which the claimant excepted." The court charged the jury, on request, that they must find for the plaintiffs, if they believed the evidence. The claimant excepted to this charge, and here assigns it as error, with the exclusion of the evidence offered.

STERRETT & CAMPBELL, for appellant.

CUMMING & HIBBARD, contra.

[Clark v. Jones & Brother.]

SOMERVILLE, J.—The written order given by Gabert & Ratliff, bearing date March 19th, 1887, directing the appellant, Sterrett, to pay certain preferred creditors out of the claims placed in his hands for collection, including the judgment against Mrs. Bustin in favor of the drawers of the said order, did not operate to transfer or assign the judgment, or the fund, to either Sterrett, or the creditors. No words of transfer or assignment are used in the instrument, and no present valuable consideration is shown to have moved from the drawee, or said creditors, to the makers of the order. Nor does it appear that the drawee either accepted the order, or entered into any promise or arrangement with the creditors, by which he would be prejudiced by the revocation of the order. The ownership of the judgment, or fund, was therefore unchanged, and it could be reached by an attaching or garnishing creditor. The cases of *Clark v. Cilley*, 36 Ala. 652; *Coleman v. Hatcher*, 77 Ala. 217, and *Thweat v. McCullough*, 84 Ala. 517; s. c., 5 Amer. St. Rep. 391, are conclusive of the question raised, and require an affirmance of the judgment.

The testimony of the witness Johnston tended to change the legal effect of the order, so as to make it operate as an assignment of the judgment to Sterrett, in trust for the creditors named; and being in parol, was properly excluded.

The judgment must be affirmed.