(117 So. 182)

## KENNEDY v. CARTER et al.
### (6 Div. 37.)

Supreme Court of Alabama.    May 24, 1928.

**1. Trusts ⬉⟹352—Entire fund resulting from commingling of trust funds and other funds is subject to equitable lien to extent of claim of beneficiaries to funds traceable thereto.**

In case of commingling of trust funds with other funds of trustee so as to become indistinguishable, not all the commingled fund becomes property of beneficiaries, but equitable lien or trust is declared upon the whole so far as required to make good the claim of the beneficiaries to funds traced to and still found in the commingled fund.

**2. Trusts ⬉⟹358(1)—Trust may not be declared upon property unless specific trust fund can be traced into it.**

To declare a trust upon property, specific trust fund or some ascertainable portion of it must be traced into that property.

**3. Trusts ⬉⟹358(1)—Real property purchased with commingled funds in checking account, into which alleged trust funds had been placed, held not impressed with trust, where no part of trust funds was traced to property purchased.**

Creditors of deceased claiming fraudulent transfer of proceeds of life insurance policy by change of beneficiary, *held* not entitled to establish trust as to property taken in name of third party and paid for with widow's funds from checking account into which the proceeds of the insurance were paid, where it did not appear that any part of the specific fund derived from the policies could be traced to the purchase of the property.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Benjamin Carter, trustee, against Sada H. Pope and Myra Belle Pope Kennedy. From a decree overruling a demurrer to the amended supplemental bill, respondent Myra Belle Pope Kennedy appeals. Reversed, rendered, and remanded.

See, also, 210 Ala. 533, 98 So. 726.

W. H. Woolverton and Thos. J. Wingfield, both of Birmingham, for appellant.

In order to create a trust, it is necessary that trust funds should actually have been used in the purchase money. 15 A. & E. Ency. L. (2d Ed.) 1181; Reaves v. Garrett, 34 Ala. 558. All facts and circumstances relied upon to show the creation or existence of a trust in favor of complainants must be distinctly alleged. 22 Ency. Pl. & Pr. 126; Danforth v. Herbert, 33 Ala. 497. No personal judgment could be rendered against the appellant.

Benjamin Carter, of Washington, D. C., for appellees.

A constructive trust arises in favor of the owner of money by another's misappropriation of same; and, if the fiduciary has mixed money of his own with the other, and it is not distinguishable therefrom, the trust covers all. Com. Nat. Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363; Evans v. Evans, 200 Ala. 329, 76 So. 95; Hutchinson v. Nat. Bank, 145 Ala. 196, 41 So. 143. And, when the fiduciary draws upon the fund generally, he must be held to have drawn his own money in preference, so that the balance, to the extent of the trust, is trust money. Brennan v. Tillinghast (C. C. A.) 201 F. 609; Abraham v. Amer. Ex. Nat. Bank, 191 App. Div. 594, 181 N. Y. S. 663. However innocent one person may have been in making a gift to another, by buying property for her or by any other method, if there was no valuable consideration, it is a legal fraud on the antecedent creditors of the giver. Southern Ry. Co. v. Hartshorn, 150 Ala. 217, 43 So. 583, 124 Am. St. Rep. 68; Tarbox v. Tarbox, 111 Me. 374, 89 A. 194; Weir v. Union Tr. Co., 188 Mich. 452, 154 N. W. 357.

BOULDIN, J.    Gustavus A. Pope, holding certain policies of life insurance payable to his estate, by change of beneficiary, made them payable to his wife, Sada H. Pope. After the death of the insured in February, 1921, the widow collected the policies.

The original bill was filed by creditors of the insured to subject the funds so acquired to the payment of his debts, alleging that the transfer of the policies to his wife was voluntary and therefore constructively fraudulent as against the existing creditors of the insured.

The equity of the bill as amended by a supplemental bill was sustained in Pope v Carter, 210 Ala. 533, 98 So. 726. Thereafter a second supplemental bill was filed. The essence of this supplemental bill is to this effect:

Prior to the collection of the insurance money, Sada H. Pope had a checking account with the First National Bank of Birmingham. She deposited the insurance money in this account, and thereafter continued to deposit many other sums, her own money, and from time to time drew checks on this common account for living expenses and other purposes, making no distinction between the insurance fund and others.

About October 11, 1922, certain real estate was deeded by F. G. Sherrod to Myra Belle Pope, daughter of Sada H. Pope. The purchase money, $564.25, was paid by Sada H. Pope by check on her said account.

The supplemental bill seeks to fasten a trust upon this real estate and subject same to payment of complainants' debts. Myra Belle Pope was brought in as respondent. The appeal is from a decree overruling her demurrer to the supplemental bill as amended.

As will be noted, the bill does not claim that the specific fund derived from the insurance

policies, nor any distinguishable part of it, can be traced into the property; it expressly shows a commingling of the funds in the current account at the bank.

The theory of the supplemental bill is that the insurance money was in equity a trust fund for the payment of the debts due complainants; that, on commingling this fund with others in the common account at the bank, the trust attached to the whole and to any balance in the bank from time to time; that therefore the trust attached to the fund drawn to pay for the land, and to the land itself, as against Myra Belle Pope, taking title by gift from her mother.

[1] The doctrine that, if trust funds are commingled with other funds of the trustee, so as to become indistinguishable, the trust attaches to the whole, and that this applies to funds deposited in a bank, is recognized in Hutchison v. National Bank of Commerce, 145 Ala. 196, 41 So. 143, and in Evans v. Evans, 200 Ala. 329, 330, 76 So. 95. Assuming, without deciding, the bill comes within this rule, the doctrine there asserted is in aid of the remedy to reach the trust fund actually traced to and becoming a part of the commingled fund. Not all the commingled fund becomes in equity the property of the beneficiaries, but an equitable lien or trust is declared upon the whole so far as required to make good the claim of the beneficiaries to funds traced to and still found in commingled state in the common fund.

[2] This in no wise runs counter to the basic rule that, to declare a trust upon property, the specific trust fund or some ascertainable portion of it must be traced into that property. Nixon State Bank v. First State Bank, 180 Ala. 291, 60 So. 868; Bank of Florence v. U. S. Savings & L. Co., 104 Ala. 297, 16 So. 110; Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 So. 754; Evans v. Evans, 200 Ala. 329, 76 So. 95; Ferris v. Van Vechten, 73 N. Y. 113; Commercial Bank v. Armstrong, 148 U. S. 50, 13 S. Ct. 533, 37 L. Ed. 363; Hewitt v. Hayes, 205 Mass. 356, 91 N. E. 332, 137 Am. St. Rep. 448; 39 Cyc. p. 530, note 82; 2 Story Eq. § 1259; 2 Pomeroy's Eq. 1051-1058; Noble v. Noble, 198 Cal. 129, 243 P. 439, 43 A. L. R. 1235.

[3] The supplemental bill fails to make a case of this kind. No averments of the bill show or purport to charge Myra Belle Pope with personal liability for the debts of complainants. Certain averments are addressed to the personal liability of Sada H. Pope for such debts to the extent of trust funds appropriated by her, and probably the amended prayer inadvertently named Myra Belle Pope in this connection.

She is not concerned with the equities or defenses of other parties to the litigation, and her demurrers addressed to such issues were properly overruled.

The decree overruling her demurrer to the second supplemental bill as amended is reversed, and one here rendered sustaining the same.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.