(119 So. 676)

McMILLAN v. McMILLAN. (1 Div. 520.)

Supreme Court of Alabama. Jan. 17, 1929.

560

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

FOSTER, J. The purpose of the bill in equity in this case was to declare an equitable trust in certain property in Mobile based upon substantially the following facts: Lee McMillan died testate leaving property, and Emmet E. McMillan was appointed executor. Said executor purchased the house in question, making an initial payment of $500 with his own funds and a balance of $8,000, alleged to belong to the estate. The bill makes the following allegations in this respect: "That said payment of said sum of $8,000 upon the purchase price of said property was made by the said Emmet Earle McMillan drawing his personal check for said sum of $8,000 upon the People's Bank of Mobile, Alabama, which said check when presented to said People's Bank of Mobile, Alabama, was paid from moneys then on deposit with said bank and credited to the individual account of said Emmet Earle McMillan, the said moneys so on deposit with said bank being made up in part of the sum of $5,000 which was borrowed by the said Emmet Earle McMillan from said bank upon the hypothecation and pledge of Wilcox County warrants of the par value of $6,000, the property of said estate of Lee McMillan, deceased, and of other moneys realized by the said Emmet Earle McMillan as proceeds derived from the said estate of Lee McMillan, deceased, and belonging to said estate, all of said moneys and said Wilcox

Gordon, Edington & Leigh, of Mobile, for appellant.

County warrants having come into the hands of said Emmet Earle McMillan as executor of said last will and testament." The title to the property was taken in his wife, who paid no value as alleged, and who here demurs to the bill. It is not necessary to recite other details alleged in the bill. The court overruled demurrers addressed separately to the bill as a whole, and to that aspect of it seeking to fasten a trust for the $5,000 borrowed from the People's Bank.

Considering the equity of the bill as a whole, we advert to the fact that if any aspect is well pleaded, a demurrer addressed to the bill as a whole should be overruled. Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Jasper Land Co. v. Manchester Sawmills, 209 Ala. 446, 96 So. 417; Birmingham Trust & Sav. Co. v. Cannon, 204 Ala. 336, 85 So. 768; Macke v. Macke, 200 Ala. 260, 76 So. 26.

Not considering for the present the sufficiency of the bill as to the $5,000, borrowed, it alleged that all of the other moneys which entered into said individual account of the executor used in paying the $8,000 belonged to the estate. This is the averment of a fact, and more specific allegation is not necessary. The situation made by the bill in this respect is not one where the executor has a checking account, from which checks are drawn from time to time for the individual purposes of Mr. McMillan, as was the case in Kennedy v. Carter, 217 Ala. 573, 117 So. 182. It is there shown that a deposit of trust funds to the individual checking account of the trustee fastens a lien or trust on that account, but if it is a shifting account, and subsequent to such deposit other funds are added and checks are drawn on it from time to time, property paid for by a check on that fund may not be subjected to the trust. In the case of Hanover Nat. Bank v. Thomas, 217 Ala. 494, 117 So. 42, a bank as agent collected a claim for its principal. The state superintendent of banks immediately took over the affairs of the bank, and there was $5,000 of cash that went into his hands. It was alleged that the trust money so collected by the bank went into and was a part of said $5,000. The subject generally was reviewed by the court, the effect of which was to hold that in the light of that allegation the trust fund was traceable to a specific batch of money, and was a part of it, and therefore a lien was fastened on it. But the rule was recognized that if it had been mixed indiscriminately with other moneys, from which the operations of the bank were conducted, it could not be said at the end of such transactions that the trust money was in possession of the bank. This is in line with the decisions of this court. Nixon State Bank v. First State Bank, 180 Ala. 291, 60 So. 868; Bank of Florence v. U. S. Savings & Loan Co., 104 Ala. 297, 16 So. 110; Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 So. 754; 39 Cyc. 542.

But the true interpretation of the allegations of this bill is that the $8,000 check was paid from a deposit account made up of the $5,000 item and $3,000 of funds belonging to the estate. There is nothing to indicate that there had been other deposits or checks, as in the case of Kennedy v. Carter, supra. So that by the averments of the bill this item of $3,000 is specifically traced into the purchase price of this property. Under all our decisions, when this is shown, a trust is established unless an innocent purchaser acquires the property. The bill shows no innocent purchaser.

If the executor has, either by himself or through his personal representative (he being now deceased), fully accounted to the estate for a misappropriation of the funds, that is, in the nature of a payment, the burden is upon one alleging a payment to plead and prove it. There is nothing in the bill tending to show that the executor has accounted for this fund. The fact that he is an heir does not affect this question. He was none the less a trustee of the funds of the estate. Foley v. Leva, 101 Ala. 395, 13 So. 747; Evans v. Evans, 200 Ala. 329, 76 So. 95. The demurrer to the bill as a whole was properly overruled.

As to the $5,000 item, the situation is different. The bill alleges he borrowed the money on his own account from the bank. The fact that he transferred the county warrants as security for the debt did not make an application there to a purchase of the property. He was guilty of a conversion of the warrants in doing so. But a conversion does not necessarily mean an application to the purchase of property. If he had sold the warrants and so used the proceeds, a different question would be presented. Non constat, the debt at the bank has been paid and the warrants released. The burden is on complainant to allege facts sufficient to relief, and no presumption will be indulged that an element of his claim exists. As to this item, the bill does not show that the warrants or the proceeds of a sale of them have been traced into the property in question. In the case of Foley v. Leva, supra, the administratrix borrowed money and used it in paying for land which she bought for herself. She paid the debt to her creditor with the funds of the estate. It was held no trust was created. The court said that when she borrowed the money and paid it on the purchase price of the land it was her individual property, and the estate had no right or equity in it. This situation was not materially different because there was collateral of the estate used as security—certainly when it does not appear that such collateral was thereby lost to the estate. We will not here determine what the result would be if it should appear that the collateral was exhausted by the bank

in settling the debt. That question is not involved here.

To the extent that the demurrer is directed to that part of the bill which seeks relief on account of the $5,000 alleged to have been borrowed by Emmet Earle McMillan from the People's Bank of Mobile, it is well taken, and should have been sustained. A judgment will therefore be here entered sustaining such demurrer to the extent just stated, affirming the decree in other respects, and remanding the cause for further proceedings.

Reversed and rendered in part; affirmed in part and remanded.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.