145 So. 136

**MONTGOMERY, Superintendent of Banks, v. FOLMAR et al.**

**4 Div. 669.**

Supreme Court of Alabama.

Dec. 22, 1932.

E. G. Pilcher and Goodhue & Lusk, all of Gadsden, for appellee.

---

[1] Ante, p. 106.

C. J. Kettler, of Luverne, for appellant.

W. H. Stoddard, of Luverne, for appellees.

FOSTER, J.

Assuming that appellees have the right to impress a trust upon the proceeds of their cotton placed in the possession of the officers of the Farmers' Bank for it on the day it went into liquidation, and which was sold by them contrary to their agreement with appellees, and when they must have known of its insolvency, it does not result that appellees have a preference of payment out of those assets of the bank which were not in the least augmented by such transaction, nor into which an ascertainable portion of the funds were traceable. St. Louis Brewing Ass'n v. Austin, 100 Ala. 313, 13 So. 908; Bank of Florence v. U. S. Savings & Loan Co., 104 Ala. 297, 16 So. 110; Nixon State Bank v. First State Bank, 180 Ala. 291, 60 So. 868; Lummus Cotton Gin Co. v. Walker, 195 Ala. 552, 70 So. 754; Hanover National Bank v. Thomas, 217 Ala. 494, 117 So. 42; Kennedy v. Carter, 217 Ala. 573, 117 So. 182.

In this case the officers of the bank wrongfully sold and appropriated the cotton of appellees, and the proceeds became a trust fund in the possession of the bank. But it is distinctly shown that such funds were first deposited in another bank to the credit of the Farmers' Bank, and immediately paid by it to a Mobile bank at the instance of the officers of the Farmers' Bank as an incident of the deposit, and for the purpose of meeting checks which the Farmers' Bank had issued on the Mobile bank. So it clearly appears by the agreed facts that, when the superintendent of banks took over its affairs for liquidation, no part of such fund was in possession of the Farmers' Bank, nor ever went into the possession of the superintendent of banks nor the liquidating agent.

There is no principle, therefore, upon which a preference may be created in favor of appellees upon the other funds of the bank which did go in liquidation, though a great wrong was admittedly done to them. The superintendent did not reject this claim as an unpreferred creditor. So that the decree must be reversed, and one here rendered denying relief to petitioners to the extent of declaring a preference in their favor.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.