179 So. 211

## RUSSELL v. FIRST NAT. BANK OF HARTSELLE.

### 8 Div. 802.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

Chas. H. Eyster and Philip Shanks, Jr., both of Decatur, for appellant.

Julian Harris and Norman W. Harris, both of Decatur, for appellee.

FOSTER, Justice.

·This litigation is a sequel to that of Russell v. Soper, 232 Ala. 194, 167 So. 261, and refers to the deed there described conveying the twenty acres known as the "Adele Spring" made by A. Polytinsky to his daughter Adelle P. Russell (formerly Polytinsky).

That litigation was between her and E. B. Soper as receiver appointed by the Comptroller of Currency of the United States for the First National Bank in Decatur. Soper, as such receiver, was a party to that suit, and in the circuit court a decree was rendered in his favor as receiver whereby the deed above mentioned was found to be void as a fraud on the rights of the bank of which he was receiver, as creditor. The decree in that case subjected that land to the debt of that bank, and ordered it sold for the satisfaction of the debt. An appeal was taken by Mrs.· Russell without superseding the decree.

Pending the appeal the land was sold to a stranger to the suit; a deed was executed to him on payment of the purchase money and the proceeds, less costs, were turned over to E. B. Soper as such receiver, in whose favor, in his capacity as receiver, the decree was rendered. The decree on that appeal was reversed, and thus ended that litigation.

It may be here observed that the reversal did not affect the status of the purchaser, and it is not so claimed. Marks v. Cowles et al., 61 Ala. 299.

It does not appear that Mrs. Russell has sought to have restitution made to ·her of the fund thus distributed by virtue of the decree now reversed and vacated.

But instead of that proceeding, this appellee filed this bill in equity against her and Soper, as receiver, alleging that complainant was an existing creditor of A. Polytinsky when he made the deed to his daughter; that the deed was voluntary, and therefore a fraud on his rights; that she

is entitled to a restitution from Soper, as receiver, to the extent of the fund so distributed to him by the decree; that the amount of it stands as a substitute and occupies the position of the land and is therefore subject to complainant's debt; and is a trust fund in the possession of Soper as receiver; and he is still holding said money in his possession.

The bill then sought to have the proceeds of said sale in the hands of said Soper, as receiver, stand in lieu of said land and be subjected to complainant's debt, and that Soper be required to pay said money to the register of the court, and then to complainant. Respondent, Mrs. Russell, demurred to the bill. From a decree overruling her demurrer, she appeals.

Soper, as receiver or individually, has not answered or demurred, and the record shows no participation by him in the defense being made by Mrs. Russell. The only grounds of demurrer which she by her counsel argues in brief relate to the contention that under the circumstances there can be rendered against Soper only a personal decree, not in his capacity as receiver.

We pretermit any consideration of the question of whether such a defense is available to her or must be claimed by Soper, and at once go to the merits of the contention as though Soper, as receiver, were making the contention, not assuming that Mrs. Russell has a right to make such defense.

We cannot agree with appellant in that respect, and so considering the cause we think the court was correct in overruling the demurrer.

Reliance is had on the principles declared in Campbell v. American Bonding Co. 172 Ala. 458, 55 So. 306; Burdine v. Roper, 7 Ala. 466 (and in principle related to the cases of Hunnicutt v. Higginbotham, 138 Ala. 472, 35 So. 469, 100 Am.St.Rep. 45; Prater v. Stinson, 26 Ala. 456), holding that an administrator is liable personally, not officially, for property or money which belongs to another and of which he has become possessed.

It will be observed in all those suits the purpose was to obtain a personal judgment against the administrator for the money of plaintiff which the administrator as such had collected, or for property he had converted and which did not belong to the estate, and for which as administrator he was not responsible on his bond.

A personal judgment against an administrator does not subject any certain assets, and a failure to pay it with a return of "no property found" fixes a liability on the bond. Grimmet v. Henderson's Adm'r, 66 Ala. 521; United States F. & G. Co., v. Harton, 202 Ala. 134, 79 So. 600.

But that is not this suit. It alleges that Soper, as receiver, has the money in his possession, and it seeks to have a decree that he pay it in the nature of a restitution so as to be subject to complainant's debt.

The money in the hands of Mrs. Russell would be a trust fund, assuming that the conveyance was fraudulent, and would be subject to complainant's debt to the same extent that the land would be. Lockard v. Nash, 64 Ala. 385; Dickinson v. National Bank of Republic, 98 Ala. 546, 14 So. 550; Shelton v. Timmons, 189 Ala. 289, 66 So. 9; Cook v. Clark, Davis & Co., 212 Ala. 257, 102 So. 213; Cooke v. Fenner & Beane, 214 Ala. 558, 108 So. 370.

If it is subject to the debt of complainant in her hands as a trustee, it would be subject to the same trust in Soper's hands, since he is not a purchaser for value, and is under a legal duty to restore it to Mrs. Russell. Carter v. Mitchell, 225 Ala. 287 (42), 142 So. 514; Lehman-Durr Co. v. Folmar, 154 Ala. 480, 45 So. 289; Ex parte Walter Bros., 89 Ala. 237, 7 So. 400, 18 Am.St.Rep. 103; Carroll v. Draughon, 173 Ala. 338, 56 So. 209.

It is therefore trust money which the bill alleges went into his hands as receiver and is so held by him. When so, the trust may be enforced against him as receiver, and the claim becomes a preferred one, though the identical money may not be kept separated but was commingled with the moneys of the receivership. In that event, it is in the nature of the establishment of a preferential right in the funds so held by the receiver (Hanover National Bank v. Thomas, 217 Ala. 494, 117 So. 42; Woco Pep Co. v. Montgomery, 227 Ala. 261, 149 So. 692; Montgomery v. Folmar, 225 Ala. 676, 145 So. 136; Robinson v. Williams, 229 Ala. 692, 159 So. 239; Maryland Casualty Co. v. Williams, 229 Ala. 663, 159 So. 242), not an effort to secure a personal judgment against the receiver, for which his bond would be liable.

Of course if the identical money is still held by Soper, as receiver, a trust can be established in it in his hands. That seems to be what the bill alleges. But that is not necessary to the establishment of a trust

or preferential payment when the facts support that right as we have pointed out.

We need not here discuss what result would follow if Soper is shown not to have had in his possession, when the suit was begun, the money so paid to him as the bill alleges, or funds resulting from a commingling of it with other moneys of the receivership. The bill presents no such case, and seeks no judgment the failure to pay which would be a devastavit.

If complainant sought a personal judgment against Soper, as receiver, to that extent, we are not prepared to say that the authorities relied on would not be applicable, so as to limit the recovery to Soper as an individual and not as receiver.

We have not deemed it important to consider whether there is a difference between the right to a personal judgment against a receiver as such, and to one against an administrator as such for funds or property which he has received and which belong to another, though that was a contention made in briefs. 53 Corpus Juris 413, § 702.

Operating expenses include damages for torts committed as a personal charge against the receiver as such. This could hardly be classed as an operating expense. 53 Corpus Juris 252, 264.

The result of our conclusion is in accord with the decree of the circuit court, in equity, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.